New York & Texas Land Company, Limited, v. Mary J.
Votaw et al.

Application No. 1620.—Decided November 29, 1897.

**1.  Appeal—Affirmance in Part.**

Where in a suit for the recovery of land the defendants claim several parcels thereof, each disclaiming title to the portions not so claimed by him, the appellate court could sever the causes of action, affirming that part of the judgment which was in favor of one defendant and reversing that against another.  (P. 284.)

**2.  Writ of Error—Boundary—Judgment.**

Where the issue in a suit of trespass to try title is one of boundary, the Supreme Court has no jurisdiction to grant a writ of error, although the judgment of another court, pleaded as an adjudication settling the boundary, may be involved in determining such issue.  (P. 284.)

**3.  Jurisdiction of Supreme Court—Boundary—Final Judgment.**

In a suit to recover land, judgment against one defendant being reversed on her appeal and that in favor of the other defendants being affirmed on plaintiff's appeal, a writ of error was refused, because the affirmed judgments involved only questions of boundary, and the reversal, though involving other than boundary questions, was not a final judgment.  (P. 285.)

Application for writ of error to the Court of Civil Appeals for the Fourth District, in an appeal from Dimmit County.

The suit was brought for the recovery of land, by the New York and Texas Land Company, Limited, which recovered judgment against the defendant, Mary J. Votaw, who appealed and secured a reversal, and was denied judgment against the other defendants, and this judgment affirmed on the Company's appeal.  The Land Company then applied for writ of error.

*West & Cochran,* for applicant, cited in argument in support of the jurisdiction of the Supreme Court to grant the writ:  Rev. Stats., art. 941; Eckford v. Knox, 67 Texas, 205; Stein v. Freiburg, 64 Texas, 273; Templeman v. Gresham, 61 Texas, 53; Peiser v. Peticolas, 50 Texas, 368; Peticolas v. Carpenter, 53 Texas, 27; Freeman v. McAninch, 87 Texas, 132; Schley v. Blum, 85 Texas, 551.

*Ogden & Terrell* and *West & Cochran,* for applicant, also filed a motion for rehearing and for leave to file an amended application setting up that the decision overruled former opinions of the Supreme Court. The motion was refused.

GAINES, Chief Justice.—We take the following statement of this case from the opinion of the Court of Civil Appeals:

"The suit which resulted in the judgment appealed from was originally instituted on the 23rd day of January, 1895, by the New York & Texas Land Company, Limited, against Mrs. M. J. Votaw.  In its petition, the plaintiff alleges that it is the owner of certain surveys,

twenty-seven in number, patented by the State of Texas to the International & Great Northern Railway Company, situated in Webb and Dimmit Counties; and describes them sufficiently for identification. The object of the suit is, as is shown by the petition, to settle and determine the boundary line between the surveys owned by the Land Company, and the Juan Francisco Lombrano seven-league grant, claimed to be owned by and in the possession of Mrs. Mary J. Votaw. Subsequently Mary I. Richardson and her husband Asher Richardson, Nancy M. Crider and Thomas Crider, her husband, Martha A. Votaw, Benjamin W. Votaw, Frank J. Votaw, Robert A. Votaw, Viola Votaw, Ella Votaw and Susie Votaw, who were alleged to assert another and different boundary line between the surveys claimed by plaintiff and the Lombrano grant, were made parties defendant.

"All the defendants except Mrs. Mary J. Votaw answered: (1) by disclaiming any interest in the lands described in plaintiff's petition which lay south and east of a certain line described by metes and bounds in their answer; (2) by a plea of not guilty; (3) that at the date of the institution of the suit their co-defendant, Mary J. Votaw, was the legal owner of all the lands described in plaintiff's petition; and that subsequently she conveyed all the lands described in plaintiff's petition to them except the part to which they had disclaimed, and that they are now the legal owners of said lands, and their title thereto is superior to plaintiffs; (4) by a plea of res adjudicata, in which the judgment of the United States Circuit Court for the Western District of Texas, mentioned in our conclusions of fact, is plead in bar of plaintiff's action. To this plea are attached as exhibits copies of plaintiff's petition, and of defendant's answer, of the charge of the court and of the judgment, taken from the records of the original cause in which the judgment plead was rendered.

"The defendant Mrs. Mary J. Votaw answered: (1) by a plea of not guilty; (2) by a special plea in which she alleged that when this suit was instituted she was the legal owner of all the lands described in plaintiff's petition, but that on the 4th day of February, 1895, she executed a deed conveying to Asher Richardson and W. J. Slaughter in trust for the benefit of the other defendants that part of the lands in controversy described by metes and bounds—the description which follows is the boundaries of the Juan Francisco Lombrano seven-league grant, though said grant is not mentioned nor referred to; that she is the legal owner of the remaining lands described in plaintiff's petition, which are surveys Nos. 58, 49, 48, 47, 37, 38, 35, 4, 5, 6, and 8, in Block 6, granted to the International and Great Northern Railroad Company, and Surveys Nos. 26, 28, 29, 24, 5, 6, and 7 in Block No. 7, granted to said Railroad Company, lying south and east of the following lines—then follows a description, taken from the field notes of the Lombrano grant, of the south and west boundary lines of said grant— and to show the lines and the land claimed by her, Exhibit Z is attached to and made a part of her answer. The Lombrano grant, however, is not

named in the answer; (3) by a plea of res adjudicata in which the same judgment plead by her co-defendants is plead in like manner by her; and (4) by the following plea in reconvention, viz: Now this defendant would show that she is the owner in fee of the parts of said enumerated surveys lying south and east of said foregoing described lines and she seeks affirmative relief, and charges, that plaintiff's claim to said lands is a cloud upon her title thereto; that by reason thereof she can neither mortgage nor sell the same, and she has been damaged thereby in the sum of $500; wherefore she pleads all the foregoing facts as recited in all their pleas in reconvention and prays that on final hearing she have a judgment and decree against plaintiff to the lands put in issue by this plea, for an order cancelling plaintiff's claim thereto as a cloud upon her title, for costs of suit, and general and special relief."

The trial resulted in a judgment in favor of the plaintiff against Mrs. Votaw for the land claimed by her and in favor of the other defendants for the land claimed by them. Upon appeal, the judgment in favor of the other defendants was affirmed; and that against Mrs. Votaw was reversed with an order remanding the cause.

By reason of the disclaimer of Mrs. Votaw and that of the other defendants the case would have been resolved into two distinct causes of action, but for the fact that she in effect admitted that she was asserting title to the land claimed by her co-defendants at the time the suit was brought. This would have rendered her liable for costs if the plaintiff had prevailed as to that land. But the plaintiff failed on that branch of the case and the question of costs as to the land involved in that was settled in her favor. Therefore, when the case reached the Court of Civil Appeals, if in their opinion the judgment in favor of plaintiff against Mrs. Votaw was erroneous and that against the plaintiff in favor of her co-defendants was correct, no reason existed why they should not affirm the one and reverse and remand the other—thus severing the two causes of action.

The plaintiff's suit was avowedly one to determine the boundary between its lands and those claimed by the defendants. As to the land claimed by the defendants other than Mrs. Votaw, the character of the suit was not changed. It was instituted as a suit to settle a boundary and it remained purely a boundary case. Those defendants it is true pleaded a judgment in the Circuit Court of the United States, which they claimed concluded the question; but that did not change the character of the suit. When the matter to be determined between the parties is the true location of a boundary line, either party may establish his line by proving a judgment or other estoppel. Should either attempt to do so, the ultimate issue in the case—namely, the true location of the boundary line—is not altered. Then the judgment affirmed was a judgment in a boundary case and we have no jurisdiction to grant a writ of error thereto. Rev. Stats., art. 996.

Mrs. Votaw's branch of the case is different. She pleaded in reconvention, asserted title to the land described in her answer, and asked af-

firmative relief.   By reason of this plea, that branch of the case ceased
to be purely a boundary suit; but the judgment against her was re-
versed and the cause remanded.   In such a case in the absence of some
allegation in the petition bringing it within one of the exceptions men-
tioned in the statute, we have no power to grant the writ.   There are
no such allegations in the petition before us.

The application is dismissed for the want of jurisdiction.