### L. C. PAYTON v. S. W. LOVE.

Decided March 18, 1899.

**1. Practice on Appeal—Specifications of Error.**

A judgment will not be reversed on appeal on account of an erroneous verdict, unless in the motion for new trial the same objection to the verdict was distinctly made that is urged in the appellate court.

**2. Same.**

The grounds in a motion for a new trial, that "there is no evidence to sustain the verdict," and that "the verdict and judgment are contrary to the evidence and against the great weight and preponderance of the evidence," are insufficient to challenge the verdict in the trial court or on appeal.

**3. Same—Objection of Verdict Without Evidence.**

Objection that there is no evidence to sustain the verdict for defendant can not prevail where, in trespass to try title, the burden was upon plaintiff, and defendant had possession and a prima facie right. If the prima facie case was entirely overcome by the evidence, the verdict was wrong because it was against the manifest weight of the evidence, and not because there was no evidence to sustain it.

**4. Actual Settler—Definition—Charge.**

A charge briefly instructing that an actual settler upon land "means one who has actually settled thereon; it means a real and not a constructive or virtual settlement," is not reversibly erroneous.

ERROR from Taylor.   Tried below before Hon. T. H. CONNER.

*Kirby & Kirby,* for plaintiff in error.

*J. M. Wagstaff,* for defendant in error.

STEPHENS, Associate Justice.—The land in controversy is the north half and the southwest quarter of section 22, Lunatic Asylum lands, in Taylor County. S. W. Love inclosed and held the land originally as assignee of purchasers from the State under the Act of 1874, but about January 1, 1897, the Commissioner of the General Land Office declared the sales to these purchasers forfeited for nonpayment of interest, and on February 25, 1897, after having had it appraised and classified to his satisfaction, placed the land on the market as watered agricultural land, at $2 per acre.

March 3, 1897, Love made application to purchase the land as an actual settler, in all things complying with the law, provided he was then an actual settler within the meaning of the law. March 9, 1897, L. C. Payton settled on the land, and at once made application to purchase, filing his application in the General Land Office March 11, 1897, and in all things complying with the law, provided the land was then vacant.

The Commissioner accepted Love's application and rejected that of Payton. Suit was then instituted by Payton against Love, resulting in a judgment, upon a jury verdict, against Payton, from which this writ of error is prosecuted.

Two controverted issues of fact were submitted to the jury: First, whether Love was an actual settler when he made his application to purchase; second, if he was not, whether Payton was such actual settler at the date of his application. The jury must have found either that Love was an actual settler or that both Payton and Love were not.

In the motion for new trial the verdict is thus complained of:

"1. Because there is no evidence to sustain the verdict.

"2. Because the verdict and judgment are contrary to the evidence, and against the great weight and preponderance of the evidence.

"3. Because the verdict and judgment are contrary to the law."

The assignments of error, however, upon which we are asked to review the court's action in refusing a new trial distinctly specify wherein the verdict is against or not supported by the evidence; but it is now the established appellate practice not to reverse a judgment on account of an erroneous verdict unless in the motion for new trial the same objection to the verdict was distinctly made and thus brought to the attention of the trial court that is urged in the appellate court. Suggs v. Terry, 34 S. W. Rep.,· 354; Bank v. Houts, 85 Texas, 71; Sanborn v. Murphy, 5 Texas Civ. App., 509; Branch v. Simmons, 48 S. W. Rep., 40.

It is equally well settled, as will be seen from the cases just cited, as well as others, that none of the above quoted grounds of the motion for new trial meet the requirements of the rule, unless it be the first; the others being too general. As to the sufficiency of the first, see Railway v. Raney, 25 S. W. Rep., 11, 23 S. W. Rep., 340; Suggs v. Terry, supra.

But treating this ground as in form sufficiently assigned, can we say that it is sustained by the record, that is, that "there is no evidence to sustain the verdict?" We hardly think so. Love was in possession of the land, holding it under an apparently valid purchase from the State, and was defendant in the suit. The application of Payton had been rejected, and it devolved on him to show not only that he had himself complied with the law in his effort to purchase, but that Love had not,— that Love's affidavit of settlement was false. That is to say, Love was prima facie entitled to the land, and this prima facie case entitled him to prevail in the suit, in the absence of a showing by Payton of his superior right. There was then some evidence of right in Love, and hence some evidence to sustain the verdict. If this prima facie case was entirely overcome by the evidence relied on by appellant, as he contends, then the verdict was wrong, because it was against the manifest weight and great preponderance of the evidence, and not because there was no evidence to sustain it.

The following charge is complained of: "An actual settler upon land, as those terms are used in this charge, means one who has *actually* settled thereon. It means a *real* and not a *constructive* or *virtual settlement*"

In Cordill v. Moore, 17 Texas Civil Appeals, 217, a somewhat similar though more elaborate definition of an actual settler was given in charge to the jury, and in reversing the judgment in that case, though upon another ground, the charge, with reference to the facts of that case and in view of another trial, was criticised, without, however, deciding that it would require a reversal of the judgment. See, also, Hart v. Menefee, 45 S. W. Rep., 854.

As applied to the facts of this case, we can see no prejudice that could reasonably have resulted to appellant from the brief definition given, the definition being a correct one. It seems peculiarly appropriate to the alleged settlement of Love, which was very suggestive of a "constructive" settlement, as he had not actually fixed the abode of his family on the land when he made his affidavit of settlement, though he had it inclosed, using it as a pasture for his cattle, visited it daily, and intended to make his home there. On the other hand, the settlement of Payton of subsequent date was clearly not of a constructive character, but was manifestly tangible and real, though he did visit town every day on business.

The remaining assignments complain of the refusal to give requested charges, but the charge given sufficiently covered the issues. The judgment is affirmed.

*Affirmed.*

Writ of error refused.

CONNER, Chief Justice, did not sit in this case.