PROVIDENT NATIONAL BANK v. J. H. WEBB.

Decided April 13, 1910.

**1.—Practice on Appeal—Assignment—Fundamental Error.**

Errors not properly assigned will not, in general, be considered on appeal.  But the failure of the judgment to settle the matter in controversy, being fundamental, may be treated as ground for reversal though not assigned.

**2.—Judgment—Trespass to Try Title—Disputed Boundary.**

On appeal from a judgment for defendant in trespass to try title, the issue being as to the boundary between adjoining surveys owned by the parties respectively, it was not necessary that the verdict and judgment fix the location of the true boundary line; the judgment determined only that the land in defendant's possession was within the boundaries of the survey to which he had title; this was all that was at issue and a general verdict and judgment for defendant determined it in his favor.

**3.—Same—Agreement as to Issue.**

The matter at issue is determined by the pleadings, not by agreement of the parties; and in trespass to try title it was the superior right to the land sued for; if this depended on the boundary between the surveys they respectively owned, the issue raised was, not where was the true location of this line, nor need the judgment determine this; it was whether the land in defendant's possession and sued for by plaintiff fell within the boundaries of the survey he owned and claimed or in that of defendant; this being settled by the verdict and judgment for defendant it was not material that they determine more than this as to the true location of the boundary line.

Error from the District Court of McLennan County.  Tried below before Hon. W. C. Wear.

*J. R. Webb* and *J. R. Downs,* for plaintiff in error.—Definition of issue: Riggs v. Chapin, 7 N. Y. Supp., 765; Cyc. of Law, 368.  That litigants are at liberty to prescribe by agreement or limit the issues made by the pleadings by an agreement: Porter v. Holt, 73 Texas, 449; White v. McFarlin, 77 Texas, 597.  When a suit in trespass becomes one of boundary: Wardlow v. Harmon, 45 S. W., 829.  That this case at issue is one of boundary was decided by the court on a former appeal: Provident National Bank v. Webb, 95 S. W., 716.

The verdict, judgment or findings establishing a disputed boundary should be so definite that the line can be accurately run in accordance therewith: Reed v. Cavett, 1 Texas Civ. App., 154; Jones v.

Andrews, 72 Texas, 5; Farnandes v. Schiermann, 23 Texas Civ. App., 343; Edwards v. Smith, 71 Texas, 156; 5 Cyc., 972.

*Taylor & Gallaglver* and *H. N. Atkinson,* for defendant in error.— When the petition describes the land in controversy by objects now on the ground a general verdict will settle the question of boundary: Bailey v. Baker, 42 S. W., 124; Reed v. Cavett, 1 Texas Civ. App., 156; Jones v. Andrews, 72 Texas, 18.

### OPINION ON MOTION FOR REHEARING.

JENKINS, ASSOCIATE JUSTICE.—Upon a former day of this term we reversed and remanded this case because the judgment did not settle the matter in controversy, to wit: the boundary line between the Rainey and the Mizell surveys. Defendant in error, in his motion for rehearing, insists that we should not have done so, because neither plaintiff's motion for a new trial nor his assignments of error point out this objection to the judgment. In support of his motion defendant submits the legal propositions that errors not assigned will not be noticed by the appellate court, that assignments too general in their nature will not be aided by propositions, and that an assignment will not be considered when the error complained of was not pointed out in the motion for new trial. The authorities sustain defendant's propositions: Yoe v. Harris, 68 Texas, 342; International & G. N. Ry. Co. v. Hinzie, 82 Texas, 628; Cannon v. Cannon, 66 Texas, 685; Jackson v. Cassidy, 68 Texas, 284; Payton v. Love, 19 Texas Civ. App., 613, 49 S. W., 1109; Von Carlowitz v. Bernstein, 28 Texas Civ. App., 8, 66 S. W., 465; Cammack v. Rogers, 96 Texas, 459; Marsalis v. Thomas, 13 Texas Civ. App., 59. But if we were right in holding that the judgment which followed the verdict did not settle the matter in controversy, the error was fundamental. It could not be contended that we should affirm a judgment when there was no judgment to affirm.

In our former opinion we were led to the conclusion that it was essential to a valid judgment in this case that it should locate the boundary line between said surveys, by the fact that the pleadings showed that plaintiff was claiming the land in controversy as a part of the Mizell survey, and that the defendant was claiming it as a part of the Rainey survey, and from the further fact that the parties to this suit filed the following agreement: "It is further agreed that the only question in the case is the true location of the boundary line between the A. Mizell survey and the Clement Rainey survey," and also from the fact that the charge of the court related solely to the location of this line. As was said by Chief Justice Taney in Bennett v. Butterworth, 11 How., 672, 13 Law Ed., 861: "If anything is settled in proceedings at law, where a jury is empaneled to try the facts, it is that the verdict must find the matter in issue between the parties, and the judgment of the court must conform to and follow the verdict." In this case the verdict was a general verdict for the defendant, and the judgment followed the verdict in that it simply decreed that the plaintiff take nothing by his suit. It is plain that

this verdict and judgment do not fix the true location of the boundary line between said surveys, and if that was the issue, as said agreement states it to be, said judgment determines nothing.

But, upon a more careful examination of the pleadings in this case, we have concluded that the location of the boundary line between said surveys, in the sense that it was necessary that the jury should find, and the judgment should fix and define, the true location of said line, so that a surveyor could take said judgment and, from the description given therein, run out said line on the ground, was not the issue in this case. We must look to the pleadings, and not to the evidence, to determine the issue, and it can make no difference what the statement of facts shows the issue to be, even though such statement be agreed to by the parties. "The matter *in issue* is that upon which the plaintiff's cause of action is based and which the defendant denies, *as shown by the pleadings.*" James v. James, 81 Texas, 380. "An issue is a question, either of fact or of law, *raised by the pleadings.*" Riggs v. Chapin, 7 N. Y. Supp., 767; Hays v. Hays, 23 Wend., 370. Now, looking to the pleadings in this case, we find the issue to be whether or not the plaintiff owns a certain strip of land accurately described in his petition by objects found on the ground. We find from the pleadings in the case that the plaintiff claims this strip of land by reason of its being, as he alleged, within the boundaries of the Mizell survey; and the defendant denies such claim by reason of said strip of land being, as he claims, within the boundaries of the adjoining survey, to wit, the Rainey survey. The title of the parties to said respective surveys being admitted by their respective pleadings, in order to determine to whom said strip of land belonged it was necessary for the jury to ascertain the location of said line *to the extent of determining whether such line was far enough south* to include said strip of land, or any portion of it, within the boundaries of said Mizell survey; or, on the other hand, far enough north to include all of said strip of land within the boundaries of the Rainey survey; and, when construed in the light of the pleadings, this is all that said agreement as to the location of said boundary line could mean. The plaintiff in his petition claimed that said land was within the boundaries of said Mizell survey, and clearly defined said boundary line as being along the southern boundary of said strip. The defendant, by his plea of not guilty, and by his disclaimer as to said Mizell survey, and by his special plea of ownership of all the land in controversy, claimed that said boundary line was far enough to include all of the strip of land described in plaintiff's petition. The court instructed the jury that if they found the said boundary line to be as claimed by the plaintiff they would return a verdict for the plaintiff, but if they found said line to be as claimed by the defendant, to return a verdict for the defendant. If the jury had returned a verdict to the effect that they were unable to determine the exact location of said line, but that they found from the evidence that it was far enough north to include all of the land in controversy within the boundaries of the Rainey survey, the defendant would have been entitled, under the pleadings herein, to the judgment which was rendered in this case, viz.: That the plaintiff take nothing by his suit.

The defendant did not in his answer undertake to define said line, except as it was described in the original field notes of said Rainey survey. All that he claimed in his answer was that the land described in plaintiff's petition was within the boundaries of the Rainey survey; or, to put it in another way, was not within the boundaries of the Mizell survey. The jury by their verdict found in favor of his contention, and he was entitled to judgment. In a boundary suit brought in form of trespass to try title, where there is a general verdict for the plaintiff, if the plaintiff has not in his petition described the boundary so that it can be identified by objects found on the ground, a judgment following the verdict is void for the reason that it can not be executed without the officer attempting to execute the same assuming judicial functions and determining the location of such boundary; and such a judgment would not sustain a plea of *res adjudicata* in a subsequent suit between the same parties involving the same subject matter. But here the defendant is not asking for any affirmative relief, hence no process of the court is necessary. He is in possession and only asked to be let alone. This judgment protects him against being disturbed in his possession by the plaintiff. Plaintiff can not complain of this. He does not claim the right to interfere with defendant's possession, except upon the theory that he is the owner of the land described in his petition. He did not, either in his petition or by a requested charge, ask that said boundary line be fixed. He claimed to be the owner of the land in controversy by reason of the fact that said land was within the boundaries of the Mizell survey. Upon this issue the jury found against him, and we think rightfully so under the evidence. Should the ownership of this land be called in question by the parties to this suit or their privies, the judgment in this case would sustain a plea of *res adjudicata.* New York & T. Land Co. v. Votaw, 16 Texas Civ. App., 585, 42 S. W., 138, 52 S. W., 125, 91 Texas, 282.

For the reasons herein set forth the motion for a rehearing is granted and the judgment of the court below is affirmed.

Motion granted; judgment below affirmed.

*Affirmed.*