Cornelius S. MEEKER, Appellant,

v.

Paul R. MEYER, Appellee.

No. 6745.

Court of Civil Appeals of Texas.

Beaumont.

May 6, 1965.

Rehearing Denied June 23, 1965.

Marcus, Weller, Wheelus & Green, Beaumont, for appellant.

Fuller, Fuller & McPherson, Port Arthur, for appellee.

PARKER, Justice.

Paul R. Meyer sued Cornelius S. Meeker on a promissory note in Cause No. D–75718 in the District Court of Jefferson County, Texas. Meeker's pleadings asserted that a partnership existed between himself and Meyer, entitling him to an accounting and to a set-off or counterclaim on the debt evidenced by such note. In the alternative, Meeker sued upon quantum meruit and unjust enrichment. Upon a stipulated agreement signed by counsel for both Meyer and Meeker an order of separate trial was entered on October 1, 1963, by the presiding judge which order is quoted verbatim:

*"ORDER OF SEPARATE TRIAL*

"BE IT REMEMBERED that on the 26th day of July, 1963, the above styled and numbered cause wherein Paul R. Meyer is plaintiff and cross-

defendant, and Cornelius S. Meeker is defendant and cross-plaintiff, came on for pre-trial hearing and conference before this court, at which time both said parties appeared by and through the respective attorney of record for each, and the court read and considered the pleadings herein, as well as the statements of counsel as to the matters here in issue and the facts here in dispute, as well as the matter of the relief sought by each party hereto; and the court then found that the issues presented by the pleadings, other than the issues pertaining to the existance terms and duration of the alleged partnership between the said parties, would require an extensive period of time to litigate, extensive testimony and evidence being material thereto, whereas the controlling issues of the existance of the alleged partnership, the terms thereof and the duration thereof, if severed out of the original suit and cross action, could be tried more expeditiously and such would be in furtherance of the convenience of the court, the parties and the ends of justice, and, accordingly, that this is a proper case for the court to order a separate trial of such issues as authorized and provided in Rule 174, Texas Rules of Civil Procedure, so that a final judgment as to said issues may be entered;

"It is, therefore, ORDERED that the issue of the existence or non existence of a partnership between Paul R. Meyer on the one hand and Cornelius S. Meeker on the other hand, the issue of the period of the duration of any such partnership and the issue of the terms of any such partnership agreement, be and the same are hereby severed and set aside and apart from the original suit and cross-action herein, and the same shall henceforth bear number D–75,718–B, styled Cornelius S. Meeker vs. Paul R. Meyer, to which

said order all parties thereto in open court agreed.

" SIGNED and ENTERED this first day of October, 1963.

/s/ Gordon D. Gary

GORDON D. GARY, JUDGE

"APPROVED:

/s/ Perry R. McPherson

ATTORNEY FOR PAUL R. MEYER

/s/ Kyle Wheelus, Jr.

ATTORNEY FOR CORNELIUS S. MEEKER"

This is an appeal from the trial of the partnership question under the severance order. Jury was waived. The court entered its judgment, the pertinent parts being:

"It is therefore, ORDERED, ADJUDGED AND DECREED that the legal relationship of partnership did never exist between the Plaintiff, Cornelius S. Meeker, and the Defendant, Paul R. Meyer, and Plaintiff shall take nothing of and from Defendant by virtue of any partnership relationship.

"It is further ORDERED, ADJUDGED AND DECREED that Plaintiff, based upon an interim net profit sharing association existing between Plaintiff and Defendant beginning January 1, 1958, and ending October 31, 1959, shall have and recover of and from Defendant, twenty-five (25%) per cent of the net profit produced by said association during the period beginning January 1, 1958, and ending December 31, 1958, and further Plaintiff shall have and recover of and from Defendant thirty (30%) per cent of the net profit produced by said association during the period beginning January 1, 1959, and ending October 31, 1959, the term 'net profit' as herein used being defined as all profit remain-

ing after the deduction of those professional and clinical expenses as would be defined as deductible expenses by the Internal Revenue Code of 1954, as amended, and as applicable during the years 1958 and 1959, said net profit not to include any income received as a result of professional or clinical services rendered by either Plaintiff or Defendant prior to January 1, 1958."

Both parties appealed. For convenience in this opinion Cornelius S. Meeker will be called plaintiff and Paul R. Meyer will be called defendant. The burden to establish partnership was Meeker's. Plaintiff Meeker has two points of error which will be considered together.

### "POINT NO. 1

"The trial Court erred in decreeing that the legal relationship of partnership did never exist between the plaintiff, Cornelius S. Meeker, and the defendant, Paul R. Meyer.

### "POINT NO. 2

"The trial Court erred in failing to adjudge that the defendant, Paul R. Meyer, is estopped to deny the existence of a partnership existing between himself on the one hand, and plaintiff, Cornelius S. Meeker, on the other hand."

Evidence in the light most favorable to defendant bearing upon the question as to whether or not a partnership ever existed between the parties is here set forth. Both parties wanted to form a partnership. Plaintiff testified that he made no contribution of money or other form of property to the alleged partnership; that he made no contribution of drugs, equipment or property of a similar nature except his own personal belongings, such as a stethoscope, and similar items which were to continue in his personal ownership; that he had no authority to hire or fire employees; that he had no authority to withdraw monies from any checking accounts on behalf of the

alleged partnership; that he had no authority to enter into any agreement with any third persons that would bind defendant; that there was no potential loss of capital insofar as he was concerned since he had invested nothing; that he was paid exactly $750.00 a month during 1958 and most of the year 1959; that any decision of major import was entirely up to defendant; that defendant never introduced him to anyone other than as his "associate"; that no written agreement concerning the partnership was ever reached although some terms of written memoranda were agreed on, but many items relative to the bringing into being of a partnership were never agreed on; that he and defendant were unable to agree upon many terms of the proposed partnership, for which reason it could not be reduced to writing; that he could have terminated the association with defendant anytime he pleased or he could have continued under the $750.00 a month situation which already existed; that he contributed nothing to the tentative drafting of a written agreement between himself and Dr. Meyer and that a written agreement was a problem which should have been met; that his many discussions with defendant of the proposed partnership were generally unpleasant with no satisfactory progress toward that end.

The defendant, Dr. Meyer, testified that the plaintiff was a professional assistant; that there were several discussions of partnership between the two but there was no formation of a partnership because the terms were not agreed upon; that plaintiff did not have any control as to their relationship and plaintiff did not perform or do any of the things that would normally exist in a partnership relation; that he employed another physician during the time that plaintiff was associated with him of which plaintiff disapproved but could not do anything about it; that he had intended eventually to have a partnership with plaintiff but that due to their continuing disagreement as to material terms of a partnership relation it had never materialized.

■ In the judgment of the court that a legal partnership never did exist, the trial court necessarily determined that defendant was not estopped to deny the existence of a partnership existing between himself and plaintiff. The elements comprising an estoppel in pais are stated in Gulbenkian v. Penn, 151 Tex. 412, 252 S.W. 2d 929 (1952). This opinion by the Supreme Court of Texas on the question of estoppel in pais has been followed many times. As stated in such opinion, the elements are:

> "On the question of estoppel we find that 'In order to constitute an equitable estoppel or estoppel in pais there must exist a false representation or concealment of material facts; it must have been made with knowledge, actual or constructive, of the facts; the party to whom it was made must have been without knowledge or the means of knowledge of the real facts; it must have been made with the intention that it should be acted on; and the party to whom it was made must have relied on or acted on it to his prejudice.' 31 C.J.S., Estoppel, § 67, page 254. Also, 'Before an estoppel can be raised there must be certainty to every intent, and the facts alleged to constitute it are not to be taken by argument or inference. Nothing can be supplied by intendment. No one should be denied the right to set up the truth unless it is in plain contradiction of his former allegations or acts. If an act or admission is susceptible of two constructions, one of which is consistent with a right asserted by the party sought to be estopped, it forms no estoppel.' Id. § 77, page 282, et seq."

Plaintiff was never denied any access to the records of the association existing between himself and defendant. Plaintiff recognized that he was a free agent and could have left defendant anytime that he so desired without being liable for any possible losses which might have been sustained as the result of his association with defendant. Plaintiff never contended that defendant concealed any material fact. Plaintiff at all times had access to any or all records that were being maintained concerning the financial or business aspects of the contemplated partnership between himself and defendant. Plaintiff had both knowledge and means of knowledge concerning the facts. An accounting system was changed in order that profits from the proposed partnership could be determined although no basis of accounting was agreed upon by plaintiff and defendant. The accountant, Campbell, testified he tried to keep the records "in such shape or condition that no matter which basis they adopted, I would have the information available, no matter what was decided, and I didn't know, I, frankly, items of expense and income, I didn't know how to compute income—" Campbell was never told any agreements had been reached on these matters. Originally, the intent of both parties was to have a partnership if they could agree upon the terms of the partnership. This desire diminished, and finally ceased to exist. There is probative evidence sustaining the judgment of the trial court not only that no partnership ever existed but also that defendant was in no manner estopped to deny the existence of a partnership. Plaintiff's points of error Nos. 1 and 2 are overruled.

■■ Defendant's points of error are as follows:

> "1. That the trial court erred in rendering and entering that part of its judgment wherein it is ordered, adjudged and decreed that the defendant (cross-plaintiff), Cornelius S. Meeker, have recovery based upon an interim net profit sharing association for the reason that the entry of any such judgment by the trial court constitutes a violation of its own pre-trial order (as agreed upon by both counsel) and thereby violates the laws of the State of Texas with regard thereto, in particular, Rule 166, Tex.R.Civ.P., as amended.

"2. That the trial court erred in rendering and entering that part of its judgment wherein it is ordered, adjudged and decreed that the defendant (cross-plaintiff), Cornelius S. Meeker, have recovery based upon an interim net profit sharing association for the reason that the entry of this part of the judgment constituted, in effect, an ex post facto 'instruction' by the court that the plaintiff (cross-defendant) should have been prepared to defend against some form of business relationship other than that of partnership as set forth in the pre-trial order of the court, which action on the part of the court thereby effected a judicial 'surprise' upon the plaintiff (cross-defendant)."

The order of separate trial entered on October 1, 1963, referred to Rule 174, T.R.C.P. Pre-trial procedure is controlled to a large extent by the provisions with regard thereto as contained in Rules 166 through and including Rule 175, T.R.C.P. Our pre-trial procedure comes from Federal procedure. Modification of the separate trial order may be had during trial to prevent manifest injustice but the modification should be by affirmative direction. Not only was this a pre-trial order but it was a stipulation by the parties. To prevent manifest injustice the order would have to be modified at the trial by written or oral instruction of the court during the trial so the parties could present needed evidence. No modification of the pre-trial order was made during the trial. No manifest injustice appears to call for a modification thereof. During the trial in the court below attorney for plaintiff contended:

"If the Court please, now we'll point out that the issue of unjust enrichment is not in this case, but will be relevant to that part of what we left behind. *The issue here is the existence of a partnership*, whether or not there was a partnership, if so, the terms and if so, what was its duration." (emphasis added)

No objection to the pre-trial order was voiced in the trial court. Barron and Holtzoff, Federal Practice and Procedure (With Forms), Sec. 473 (p. 848—1960 Ed.), states that a pre-trial order, unless modified, controls the subsequent course of the trial and proceedings on appeal, citing Fowler v. Crown-Zellerbach Corp., 163 F.2d 773 (C. C.A. 9th, 1947) wherein the Circuit Court of Appeals ruled that the pre-trial order entered in such case could not be attacked because the record disclosed no objection to the order was made in the trial court which was attacked on appeal. In its opinion, the court states as follows:

"So far as we can determine it was made with the cooperation and assent of both parties. There was no reservation of the point now urged, nor does there appear to have been any request for the amendment or modification of the order in the course of the trial. The pre-trial conference held by the Court and the order entered as the result thereof were authorized by Rule 16 of the Federal Rules."

Under federal procedure, the language contained in Rule 16, and as adopted in our Rule 166, has clear, decisive language, which language is given its full meaning in those jurisdictions where it is in effect, including Texas.

Not only was this a pre-trial order but it was a stipulation between the parties-litigant excluding trial in the court below any issue except that of partnership. Eversberg v. Supreme Tent Knights of Maccabees of the World, 33 Tex.Civ.App. 549, 77 S.W. 246 (1903—err. ref.). W. T. Carter and Brother v. Ruth, 275 S.W.2d 126 (C.C.A., 1955—n. w. h.) cites Provident National Bank v. Webb, 60 Tex.Civ. App. 321, 128 S.W. 426 (1910—n. w. h.) but states the principle in these terms: "and since the stipulation conformed to our Rules of Civil Procedure, Rule 11, T.R.C.P.,

and was unimpeached and unattacked, it was binding and should have been enforced. (citing cases)." See 53 Tex.Jur.2d, pp. 329, 332, Stipulations, Secs. 15, 17. Defendant's points of error 1 and 2 are sustained.

This court should modify the judgment of the court below to conform to the powers of the trial court in the light of the record.

Accordingly, that portion of the judgment of the trial court ordering, adjudging and decreeing the following:

(a) "that plaintiff, based upon an interim net profit sharing association existing between plaintiff and defendant beginning January 1, 1958, and ending October 31, 1959, shall have and recover of and from defendant, twenty-five (25%) per cent of the net profit produced by said association during the period beginning January 1, 1958, and ending December 31, 1958, and further Plaintiff shall have and recover of and from defendant thirty (30%) per cent of the net profit produced by said association during the period beginning January 1, 1959, and ending October 31, 1959, the term 'net profit' as herein used being defined as all profit remaining after the deduction of those professional and clinical expenses as would be defined as deductible expenses by the Internal Revenue Code of 1954, as amended, and as applicable during the years 1958 and 1959, said net profit not to include any income received as a result of professional or clinical services rendered by either plaintiff or defendant prior to January 1, 1958"

is set aside and held to be of no force or effect and to be determined in Cause No. D–75,718; and that portion of the judgment of the trial court ordering, adjudging and decreeing:

(b) "that the legal relation of partnership did never exist between the plaintiff, Cornelius S. Meeker, and the defendant, Paul R. Meyer, and plaintiff

shall take nothing of and from defendant by virtue of any partnership relationship"

is affirmed.

As so reformed, judgment is here affirmed.