### A. DRIESS ET AL. v. WENZEL FREDERICH.

#### No. 6182.

1. **Damages.**—Plaintiff by falling through an open cellar door broke his leg; the same leg had been broken before, but it had recovered; the bone however was weakened by the first break. *Held*, the damages to which plaintiff was entitled were the damages resulting to himself in the condition in which he was when injured, and not such as he might have been entitled to had his condition been different. A charge otherwise was properly refused.

2. **Former Injuries.**—The questions in a suit for personal injuries caused by negligence are:

   1. Was plaintiff injured through the negligence of the defendants without contributory negligence on his own part; and

   2. If so, what sum would compensate him for the injury so received. Former injuries form no subject of inquiry.

3. **Facts.**—See facts where a verdict for $2000 held not excessive.

APPEAL from Bexar.    Tried below before Hon. G. H. Noonan.
The opinion states the case.

*Houston Bros.* and *L. C. Grothaus*, for appellants. — 1.    Where the case is one of actual damages only, the defendant is entitled to have the attention of the jury specially called to the law that they can not find exemplary damages.    I. & G. N. R. R. Co. v. Underwood, 64 Texas, 468.

2.    The verdict is grossly excessive.

*Tarleton & Keller*, for appellee. — 1.    The charge must conform to the case made in the pleadings and proof.    An instruction that is correct in its application to the particular case is all that is required.    An instruction which submits issues to the jury not made by the pleadings and proof is misleading and erroneous.    Deer. on Neg., p. 648, sec. 416; Pierce on Railroads, p. 301; 3 Suth. on Dam., p. 258, *et seq.;* Mitchell v. Zimmerman, 4 Texas, 75; Davis v. Loftin, 6 Texas, 490; McGreal v. Wilson, 9 Texas, 426; Hagerty v. Scott, 10 Texas, 525; Norvell v. Oury, 13 Texas, 31; Yarborough v. Tate, 14 Texas, 483; Earle v. Thomas, 14 Texas, 583; Hancock v. Horan, 15 Texas, 507; Case v. Jennings, 17 Texas, 661; Andrews v. Smithwick, 20 Texas, 111; Austin v. Talk, 20

Texas, 164; Patton v. Gregory, 21 Texas, 513; Willis v. Bullett, 22 Texas, 330; Barkley v. Tarrant County, 53 Texas, 251; Railroad Co. v. Leslie, 57 Texas, 83.

2. On amount of verdict. Deer. on Neg., p. 662, sec. 442; Pierce on Railroads, pp. 307–309; 1 Suth. on Dam., pp. 810, 811, 812; H. & T. C. R. R. Co. v. Boehm, 57 Texas, 152; Knapp v. Sioux City R. R. Co., 32 N. W. Rep., 18.

Stayton, Chief Justice. — Appellee while entering the drug store of appellants was injured through a defective cellar grating, known by appellants to be defective, and to recover damages for the injury thus received this action was brought, and it resulted in a judgment in his favor for $2000.

The court below fairly submitted to the jury the question whether the injury resulted from the failure of appellants to use proper care to keep in safe condition the grating on the sidewalk in front of their store, and as there was evidence which justified the finding that they had not, the verdict must be held conclusive of the right of appellee to recover.

Actual damages only were claimed, and there is no objection made to the charge given which informed the jury what matters might be taken into consideration in estimating the amount of damages which might be awarded.

The leg of appellee was broken in his fall through the grating, and the injuries resulting are shown to be permanent, and such as disable him to pursue, as he had before done, his usual or any other vocation.

The appellants pleaded that the same limb had been fractured on a former occasion, and sought to show that this fact aggravated the injury received through their failure to use due care, and with a view on this account to lessen the damages in this cause they asked the following instruction:

"This is a suit for actual damages only, and should you find a verdict for the plaintiff under the evidence, then you can only find for the amount of actual damages sustained by the plaintiff by reason of the particular injury in question, and you can not find for any exemplary damages, nor for any damages proximately resulting from a previous injury or defect in the injured limb."

There was no claim for exemplary damages, and the charge given restricted the jury to actual damages, and in this state of case the court properly refused to give so much of the charge as related to exemplary damages.

The evidence tends to show that the limb of appellee, about sixteen years before the injury of which he complains, was fractured at about the same place as in the last injury, but that from this he had so far recovered as to be able to use it without inconvenience.

The evidence, however, shows that by the first injury the bone was weakened and more easily fractured at the time of the injury complained of than would it, had not the first fracture occurred.

Evidence of this character is all upon which the last part of the charge quoted could have been predicated, and we are of the opinion that the charge was properly refused on the ground that there was no evidence rendering such a charge proper.

The charges given withdrew from the jury any impression they otherwise might have entertained that they could award damages for any injury not proximately caused by the negligence of appellants, which was all they could ask, and to have given the latter part of the charge refused would have been misleading.

If by the charge asked appellants desired the jury to understand that appellee would only be entitled to recover damages on account of the injury received through appellants' negligence, which would have resulted had his limb not been before fractured, then the charge, which might have been so understood, was properly refused.

The damages which appellee was entitled to recover were the damages resulting to himself conditioned as he was at the time of the injury, and not such damages as he might have been entitled to had his condition been different. That the injury resulting from the negligence of appellants may have been aggravated or more easily caused by reason of the fact that the limb had received a former injury can not affect the question of right to or measure of damages.

Had the latter part of the charge refused been given the jury would probably have felt authorized to inquire whether the injury would have occurred at all if the weakness from the former injury had not existed, which would not have been proper if the injury in fact resulted from the negligence of appellants.

The questions for the jury were, first, was appellee injured through the negligence of appellants without contributory negligence on his part; second, if so, what sum would compensate him for the injury so received. Brown v. Railroad Co., 66 Mo., 597; Littlehale v. Dix, 11 Cush., 365.

It is urged that the judgment is excessive, but the evidence shows a case in which an injury was received by appellee from which he can never recover; that in consequence of this he has been compelled to incur considerable expense, long confinement, suffered much, and will be forever to a large degree incapacitated to labor.

The distinguished physician who attended him and knew his condition for several years after the injury stated that "permanent recovery is out of the question for this injury."

There is no error in the judgment and it must be affirmed.

*Affirmed.*

Delivered April 9, 1889.