### NORTHERN TEXAS TRACTION COMPANY v. L. W. EVANS.

No. 2518.        Decided April 11, 1917.

**1.—Carriers of Passengers—Charge—Affirmative Presentation of Defense.**

Plaintiff sought recovery for injuries by a fall from the platform of a car while he was alighting. Refusal of a requested instruction that if the car came to a stop gradually and without any sudden movement or jerk (which was the sole claim of negligence in issue) the verdict should be for defendant, is held not ground for reversal. Defendant was entitled to an affirmative presentation of this defense; but this was done by the charge given, to the effect that if plaintiff fell by losing his balance, and was not thrown by a sudden jerk, he could not recover. (Pp. 356, 357.)

**2.—Case Approved.**

The rulings of the Court of Civil Appeals in this case (Northern Texas Trac-Co. v. Evans, 152 S. W., 707) approved. (P. 357.)

Error to the Court of Civil Appeals for the Sixth District, in an appeal from Tarrant County.

The traction company, which had appealed from a judgment in favor of Evans, obtained writ of error on its affirmance (152 S. W., 707).

*Capps, Cantey, Hanger & Short* and *Wm. L. Evans,* for plaintiff in error.—It was error for the court to refuse the requested charge affirmatively submitting to the jury the negative of the sole theory urged by appellee. San Antonio & A. P. Ry. Co. v. Kiersey, 98 Texas, 596; N. T. T. Co. v. Moberly, 109 S. W., 483; Dallas Oil & Ref. Co. v. Carter, 134 S. W., 418; St. Louis S. W. Ry. Co. of Texas v. Johnson, 100 Texas, 237, 97 S. W., 1039; St. Louis S. W. Ry. Co. of Texas v. Hall, 98 Texas, 488, 85 S. W., 787; Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 635, 35 S. W., 1058; Lyon v. Bedgood, 117 S. W., 897; Texas Trunk Ry. Co. v. Ayres, 83 Texas, 268, 18 S. W., 685.

*A. J. Clendenen,* for defendant in error.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The plaintiff, Evans, either fell or was thrown from an interurban electric car operated by the defendant as it came to his alighting place. His claim was that while standing upon the rear platform preparatory

to leaving the car when it stopped, he was thrown by a sudden and negligent jerk or lurch of the car. The defendant denied that there was any such movement of the car, or that it did anything to cause the plaintiff's fall. It claimed that with cumbersome bundles in his arms and while the car was still in motion, he stepped from the platform to the step of the car, and in so doing, or in his attempt to make the step, lost his balance and fell.

The court charged the jury that if the plaintiff took a position on the step of the car while it was in motion and did not take hold of the handholds of the car, and that this was negligence on his part and the proximate cause of his injuries, the verdict should be for the defendant; also, that such should be the verdict if while occupying a position on the step the plaintiff lost his balance and fell and was not thrown by a sudden jerk or lurch of the car.

The latter instruction was also embodied in a special charge given at the defendant's request.

A special charge was requested by the defendant to the effect that if the car came to a stop gradually and without any sudden movement or jerk, a verdict should be returned for the defendant, independently of whether the plaintiff was injured. The writ of error was granted because of the refusal of this charge.

The defendant was entitled to an affirmative presentation of its defense that there was no sudden jerk or lurch of the car, but we think the issue was substantially so submitted in the general charge and in the special charge given at its request.

There was no controversy as to the plaintiff's falling from the car. The cause of his falling was the question. As to this, the case presented only two possible theories, that is, a sudden movement of the car, or the plaintiff's losing his balance unaided by any such movement. His version was that his fall was from the platform and was due to a sudden jerk or lurch of the car. According to the testimony adduced for the defendant, he fell from the step and there was no such jerk or lurch. In the instructions given by the court the jury was told that there could be no recovery by the plaintiff if his fall was due to his losing his balance and not to a sudden movement of the car. This was an affirmative presentation of the defense that the cause of the fall was not a sudden movement of the car, and as fully conserved the rights of the defendant as would have the charge which was refused. A finding that a sudden movement of the car did not cause the fall would, under the evidence, have been equivalent to a finding that there was no such movement to cause it.

As to the criticism made of the general charge, we do not regard it as in anywise misleading when considered in its entirety.

The judgments of the District Court and Court of Civil Appeals are affirmed.

*Affirmed.*