**RAYMOND et al. v. MERCHANTS' STATE BANK & TRUST CO. OF LAREDO. (No. 7302.)**

(Court of Civil Appeals of Texas. San Antonio. Feb. 25, 1925. Rehearing Denied March 25, 1925.)

1. **Evidence ☞317(12)—In suit against corporation for attorney fees, testimony of defendant's directors as to authority of plaintiff to file suit and amount of compensation held hearsay.**

In action to recover attorney fees, where issue as to whether employment was for 10 per cent. of recovery or of amount collected was sharply joined, testimony by each director of defendant corporation that one of plaintiff attorneys was authorized by the board of directors to file suit, but compensation was to be 10 per cent. of amount collected, was hearsay; plaintiffs not being present when conversation thereon took place among board, and not having knowledge thereof.

2. **Appeal and error ☞1050(1) — Error in permitting hearsay testimony of defendant's board of directors not affected by fact that plaintiffs were employed through directors.**

Fact that firm of attorneys were employed to recover judgment for bank did not relieve bank from error in introducing parol discussion of directors among themselves as to compensation to be allowed plaintiffs, such discussion being hearsay and not having been communicated to plaintiffs until performance of service.

3. **Pleading ☞380—Pleading looked to to determine issues.**

Pleading and not evidence must be looked to to determine issues.

4. **Pleading ☞380 — In determining issues, only legal testimony should be introduced.**

The issue may be matter of fact or law raised by pleading, and in determining it only legal testimony should be introduced.

---

Error from District Court, Webb County; J. F. Mullally, Judge.

Action by M. J. Raymond and others against the Merchants' State Bank & Trust Company of Laredo. Judgment for defendant, and plaintiffs bring error. Reversed and remanded.

John L. Dannelley, of Laredo, for plaintiffs in error.

Mann, Neel & Mann, of Laredo, for defendant in error.

COBBS, J. This suit was brought by plaintiffs in error against defendant in error. The indorsement of the district court designates it as an appeal, so does the brief of appellee. It is in this court a writ of error, and the only issue is as to whether the contract of employment of plaintiffs in error was upon the basis of 10 per cent. upon the recovery of any judgment or 10 per cent. upon the amount recovered.

The plaintiffs in error contend that they were employed to prosecute to final judgment a suit against I. G. Palacios and the American Surety Company, the surety upon the bond of I. G. Palacios given to defendant in error to recover a claim against Palacios for theft or appropriation of moneys belonging to defendant in error. It is alleged that defendant in error agreed to pay plaintiffs in error, for their services, 10 per cent. of whatever final judgment they might recover against both parties.

The judgment recovered against Palacios was for $25,000, and against the surety company $5,000. The judgment against the surety company was settled for $3,500, and plaintiffs in error were paid the sum of $350, being 10 per cent. of the amount collected; and this suit is to recover 10 per cent., or $2,000, alleged to be due them on the rest of the judgment against I. G. Palacios.

The issues were submitted to a jury, and upon their finding, in favor of defendant in error against plaintiffs in error, the trial court entered judgment in accordance therewith.

There was no dispute as to the employment, nor to the fact that the attorneys performed valuable and faithful services. The only question being as to whether the 10 per cent. agreed upon was as to the amount of recovery or as to the amount collected.

The employment of plaintiffs in error on the part of defendant in error was made for the bank through its president, L. Villegas.

[1] On the trial plaintiffs in error swore that the employment was to be 10 per cent. of the entire recovery, and Villegas swore it was to be 10 per cent. of the amount collected. Defendant in error has had the benefit of the services, and has recovered judgment, which may or may not in the future be collected, but no part thereof has been paid to plaintiffs in error. Upon this issue being so sharply joined, the court, over the objections of plaintiffs in error, permitted the board of directors each to testify, in effect, that Mr. Pope, one of defendant in error's attorneys, was authorized to file the suit, but his compensation was to be 10 per cent. on the amount collected.

Neither one of the attorneys were present when such conversation took place among the board of directors, nor did they have any knowledge thereof. The testimony therefore was hearsay.

It is undisputed that the employment was authorized to be made and that the bank or trust company got the benefit thereof. It was serious error to permit such oral testimony by the board of directors of the bank in regard to their discussion, in the absence of plaintiffs in error, relative to the employment of said attorneys. There was no original record or resolution passed at the time to show the authority to employ plaintiffs in error, and, if so, it was never communicated to them.

[2] It did not change the status of the erroneous testimony that it was alleged that plaintiffs in error were employed through the bank's board of directors, for they were. This would not relieve the defendant in error from the error of introducing the parol discussion of the bank directors among themselves, never communicated to plaintiffs in error until after the performance of the service.

[3, 4] Of course, banks are controlled by their board of directors. It is also true that certain duties and employments for the benefit of banks are made by the president and recognized. But the employment here is undisputed, the amount of compensation only is in dispute, and it makes no difference that the pleading was as contended by defendant in error; yet that would not allow defendant in error to introduce illegal testimony. The case of Provident Bank v. Webb, 60 Tex. Civ. App. 321, 128 S. W. 426, cited by defendant in error, is not in point. Nothing new is decided there. The pleading and not the evidence must be looked to to determine the issue. The issue may be a matter of fact or law raised by the pleading, and in determining that issue only legal testimony should be introduced.

For the error shown in permitting the hearsay evidence to be introduced of the board of directors concerning their discussion of the matter of employment in the absence of plaintiffs in error, which was not communicated to them until after the disposition of the case, the judgment is reversed and the cause remanded for another trial.

Reversed and remanded.