## TRADERS & GENERAL INS. CO. v. WRIGHT.

### No. 1528.

Court of Civil Appeals of Texas. Eastland.

April 10, 1936.

Rehearing Denied June 19, 1936.

Will R. Saunders, of Amarillo, for plaintiff in error.

Thomas & McDonald, of Big Spring, and Joseph A. Beyer, of Crane, for defendant in error.

GRISSOM, Justice.

A. N. Wright instituted this suit against Traders & General Insurance Company to recover compensation under the Workmen's Compensation Law (Vernon's Ann. Civ.St. art. 8306 et seq.), for injuries alleged to have been sustained by him when he entered an oil tank for the purpose of removing waste material and cleaning the tank. Plaintiff alleged that he was injured by poisonous gas that arose out of the waste and that such injury caused his total and permanent disability. In the alternative, he charged that by reason of the

gas entering his lungs a latent and dormant tubercular bacilli was made active and tuberculosis developed in both lungs. He charged that by reason of said matters he had been rendered totally and permanently disabled. Further pleading in the alternative, he prayed that in the event he failed to recover for total and permanent disability that he be awarded judgment for such period of time and at such rate as he showed himself entitled to.

The defendant answered by general demurrer and general denial.

The situation with reference to the special issues submitted, the jury's answer, and judgment is correctly and aptly stated by plaintiff in error, who was the defendant in the trial court, as follows:

"The substance of the findings of the jury in response to the special issues submitted is as follows:

"(1) Defendant in error sustained personal injuries on the date alleged.

"(2) Such injuries were sustained in the course of his employment.

"(3) The employers of defendant in error received notice of such injuries within thirty days from the time the same were sustained.

"(4) That such injuries caused total incapacity for work on the part of defendant in error.

"(5) Such total disability resulted on November 26, 1933.

"(6) Such total disability is permanent.

"(7) Manifest hardship and injustice will result to defendant in error unless plaintiff in error is required to redeem its liability by the payment of a lump sum.

"The jury returned no answers to the issues submitted in substance as follows:

"(1) As to the duration of total incapacity of defendant in error;

"(2) As to whether the injuries resulted in partial incapacity;

"(3) The percentage of partial incapacity;

"(4) As to whether such partial incapacity is permanent;

"(5) The duration of such partial incapacity;
the court having instructed the jury, in effect, that said issues need not be answered by them if the previous [relevant] issues as to total and permanent incapacity resulting from said injuries had been answered in the affirmative.

"The court, upon the answers of the jury to the special issues submitted, rendered judgment setting aside the final ruling and award of the Industrial Accident Board and in favor of defendant in error, A. N. Wright, against plaintiff in error, Traders & General Insurance Company, for the sum of $5,205, with interest thereon at the rate of six per cent (6%) per annum."

The court defined "partial incapacity" as follows: "By the term 'partial incapacity' or 'partially incapacitated,' wherever it appears in this charge, (it) shall have the following meaning: It shall mean where an employee by reason of an injury sustained in the course of his employment is only able to perform part of his regular labor, or a less remunerative class than he performed prior to his injury, whereby he suffers a depreciation or reduction in his earning capacity."

To which the defendant urged this exception: "The defendant objects and excepts to the definition of the term 'partial incapacity' as used in the court's main charge, for the reason that the court in its main charge and the definition of the term 'partial incapacity' permits a recovery if the injured employee, viz., the plaintiff in this case, is unable to merely perform a part of regular labor of employment, though his capacity to perform the 'ordinary tasks of a workman' has not been lessened, and he may be able to secure and retain employment in work 'reasonably suited to his incapacity and physical condition' at wages equal to or greater than what was paid him before the alleged injury and therefore this would impose upon the insurance company a greater burden than its contract of insurance calls for, for its engagement was to pay compensation in accordance with, but not beyond, the terms of the Workmen's Compensation Act and the trial court in its definition of 'partial incapacity' has judicially amended the Workmen's Compensation Act so as to permit a recovery under the aforesaid circumstances."

The gist of the objection is that under the definition given by the court the jury was authorized to find plaintiff partially incapacitated, though he be able to secure and retain employment reasonably suited to his condition at wages equal to or greater than paid him before the injury. The definition distinctly requires that the injury in order to result in "partial incapacity" must result in "a depreciation of reduction in his earning capacity." The definition was not

subject to the objection made. See Travelers' Ins. Co. v. Richmond (Tex.Com.App.) 291 S.W. 1085, 1087.

■ Special issue No. 3 reads as follows: "Do you find from a preponderance of the evidence that the said W. M. Story, John F. Friebele and C. C. Duffey, or either of them, through their agents or representatives, received notice of said injuries, if any, within thirty days from November 21, 1933? Answer 'Yes' or 'No.'"

The jury answered it, "Yes." It was objected to as (a) duplicitous; (b) multifarious; (c) "said issue is duplicitous and multifarious in that it submits to the jury as to whether or not either W. M. Story, John F. Friebele, and C. C. Duffey, all, or either, received notice of the injuries alleged to have been received by the plaintiff, and it further submits to the jury two questions in one, viz., whether said employers received personal notice, or whether they received it through their agents or representatives." The persons named were plaintiff's employers. Another employee was J. C. Pye, who was plaintiff's foreman, or boss. Plaintiff testified he reported the fact of his injury to Pye the next day after the injury. An order for a physician for plaintiff dated December 9, 1933, signed by Pye, was introduced in evidence. These facts were not disputed. It appears to be undisputed that plaintiff's foreman, who was the agent of plaintiff's employers, received notice of plaintiff's alleged injuries within thirty days from November 21, 1933, but, regardless of this, we do not believe the issue can properly be interpreted as inquiring whether said employers received personal notice. The real question asked was whether the employers received through an agent notice of plaintiff's injury within thirty days. Moreover, we do not believe the issue is either duplicitous or multifarious. Speer's Special Issues, § 187, p. 243, et seq.; Texas Emp. Ins. Ass'n v. Pearson (Tex.Civ.App.) 67 S.W.(2d) 630.

The question of partial incapacity was submitted as follows:

"If you have answered special issue No. 6 in the negative, then you will answer special issue No. 8 but if you have answered special issue No. 6 in the affirmative, then you need not answer special issue No. 8.

"Special issue No. 8. Do you find from a preponderance of the evidence that the injuries, if any, sustained by plaintiff on November 21, 1933, resulted in the partial incapacity of plaintiff, A. N. Wright, for any length of time? Answer yes or No."

The defendant objected to the charge generally because it failed to submit the affirmative defenses of the defendant. It urged the following objection to the issue: "The defendant further objects and excepts to the submission of special issue No. 8 of the court's main charge in the form, as submitted, for the reason that it has attached thereto a preamble which permits the jury to answer issue No. 8 only in the event they have answered special issue No. 4 in the affirmative and the submission of such special issue to the jury is not an unqualified and unconditional submission of such issue to the jury as the defendant is entitled to under the law."

Whether or not the exception was otherwise correct, it certainly challenged this portion of the charge because it was not an unqualified and unconditional submission of the issue of partial incapacity to the jury. This was a defensive issue which, if answered favorably to the insurance company, would result in a reduction of the amount of plaintiff's recovery.

In obedience to the court's instructions, the jury, having answered special issue No. 6, "Yes" (that plaintiff's total disability was permanent), did not answer No. 8.

Decisions holding that a conditional submission of the issue of partial incapacity deprives the defendant of an affirmative submission of such defense and constitutes reversible error are collated in Traders & General Ins. Co. v. Shanks (Tex.Civ.App.) 83 S.W.(2d) 781, 782. The point here presented was definitely decided in that case and a writ of error was refused by the Supreme Court. To the same effect are the following recent decisions: Traders & General Ins. Co. v. Wimberly (Tex.Civ. App.) 85 S.W.(2d) 343; Texas Ind. Ins. Co. v. Head (Tex.Civ.App.) 89 S.W. (2d) 283.

■ A general denial is sufficient to raise the issue of partial incapacity when total incapacity is alleged. Traders & General Ins. Co. v. Babb (Tex.Civ App.) 83 S.W.(2d) 778; Texas Emp. Ins. Ass'n v. Horn (Tex.Civ.App.) 75 S.W.(2d) 301; Indemnity Ins. Co. of North America v. Boland (Tex.Civ.App.) 31 S.W.(2d) 518; Southern Kansas Ry. Co. of Texas v. Wallace (Tex.Com.App.) 206 S.W. 505, 507.

■ We think the issue of partial incapacity was raised by the evidence. Plaintiff's witness Dr. Parmley testified: "In my opinion he isn't able to do any hard work. He might do bookkeeping, or things like that if the place is well ventilated."

The plaintiff testified:

"Q. Have you made any money since the 21st of November, 1933? A. Yes.

"Q. How much have you made? A. Since the 1st day of May I have averaged about $30.00 a month.

"Q. For what is that—where did you get that? A. From the local Oil Field Workers' Union.

"Q. You are Secretary of that? A. Yes.

"Q. You ran for County Treasurer? A. Yes.

"Q. You made a campaign of that county down there? A. Yes.

"Q. What kind and character of work is that you have with the local Oil Field Labor Union? A. Bookkeeping work and secretarial work.

"Q. How much time—how many hours a week do you have to spend at that job? A. Two or three hours a day, six days a week."

Dr. McKnight, a witness for defendant, testified as follows: "He wasn't totally and permanently disabled, from my standpoint. He would always be tubercular, but with good care I shouldn't see why he couldn't go ahead and do a moderate amount of work, taking care of himself, of course. He should have done that before."

■ There is a conflict in the decisions on the point here decided, but we think the great weight of authority sustains the proposition that in a case of this character it is error to submit the issue of partial incapacity conditionally, that is, to make an answer thereto contingent upon a certain answer to the issues on total or permanent incapacity.

In the case of Texas Employers' Ins. Ass'n v. Hilderbrandt (Tex.Civ.App.) 80 S.W.(2d) 1031, 1035, in which a contrary decision was made, a writ of error has been granted.

For other decisions bearing on the question here decided, see Texas Indemnity Ins. Co. v. Allison (Tex.Civ.App.) 75 S.W. (2d) 999; Morrison v. Antwine (Tex.Civ. App.) 51 S.W.(2d) 820; Pedigo & Pedigo v. Croom (Tex.Civ.App.) 37 S.W.(2d)

1074; Northern Texas Traction Co. v. Evans, 108 Tex. 356, 193 S.W. 1067; Galveston, H. & S. A. Ry. Co. v. Washington, 94 Tex. 510, 63 S.W. 534; Montrief & Montrief v. Bragg (Tex.Com.App.) 2 S.W.(2d) 276; Texas Emp. Ins. Ass'n v. Kelly (Tex.Civ.App.) 71 S.W.(2d) 901; Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517; Commercial Standard Ins. Co. v. Noack (Tex.Com.App.) 62 S.W.(2d) 72; U. S. Fidelity & Guaranty Co. v. Baker (Tex.Civ.App.) 65 S.W.(2d) 344; Traders & General Ins. Co. v. Forrest (Tex.Civ.App.) 78 S.W.(2d) 987.

The issues with reference to temporary total and temporary partial incapacity were likewise conditionally submitted and were not answered. That which has been said with reference to the conditional submission of the issue of partial incapacity is applicable to them. Defendant's fourth and fifth propositions are sustained. Traders & General Ins. Co. v. Forrest (Tex.Civ. App.) 78 S.W.(2d) 987; Texas Indemnity Ins. Co. v. Allison (Tex.Civ.App.) 75 S. W.(2d) 999; Texas Emp. Ins. Ass'n v. Kelly (Tex.Civ.App.) 71 S.W.(2d) 901; Texas Emp. Ins. Ass'n v. Horn (Tex. Civ.App.) 75 S.W.(2d) 301.

■ No error is disclosed by defendant's propositions 12 to 16, both inclusive. They complain of the refusal of the court to submit issues requested by the defendant. The requested issue made the basis of complaint under proposition No. 12 is illustrative of the contention made under propositions 13, 14, and 15. That requested issue was: "Do you find, from a preponderance of the evidence, that the tuberculosis, if any, with which the plaintiff was suffering prior to November 21, 1933, did not contribute to the plaintiff's 'total incapacity,' if any he has?" The material question to be submitted was not whether such disease contributed to plaintiff's incapacity, but was whether such pre-existing disease was the sole cause of his incapacity. The burden of proof on such issue was on the plaintiff.

In Armour & Co. v. Tomlin (Tex.Com. App.) 60 S.W.(2d) 204, 206, opinion by Judge Critz, it was said: "compensation [for personal injury] will not be denied, notwithstanding such injury is aggravated or enhanced by the effects of disease existing at the time or afterwards occurring." The court further held that the question as to the effect of such disease was "whether or not *all* plaintiff's injuries resulted

from causes not connected with the collision, or bearing on whether or not her injuries resulted *solely* from such other causes." It was further stated that the requested issue, which did not require a determination of whether the physical infirmity of plaintiff was caused solely and alone by the injury, would not have constituted a submission of a defensive issue, if it had been given.

To the same effect is the decision in Commercial Standard Ins. Co. v. Noack (Tex.Com.App.) 62 S.W.(2d) 72, 74. In that case the defense was that plaintiff's incapacity was occasioned by a heart disease. The court held that the determinative defensive issue was whether plaintiff's injuries resulted *solely* from such disease. There it was expressly declared that the established rule "that liability for damages for personal injury cannot be avoided by merely showing that the person injured was not a well person at the time of injury" is applicable to suits under our Workmen's Compensation Law. See, also, Armour & Co. v. Tomlin (Tex.Civ.App.) 42 S.W.(2d) 634; U. S. Fidelity & Guaranty Co. v. Baker (Tex.Civ.App.) 65 S.W.(2d) 344; Driess v. Frederick, 73 Tex. 460, 11 S.W. 493.

■ By proposition No. 16 defendant complains of the refusal of a requested issue as to whether the pre-existing tuberculosis was the sole cause of plaintiff's incapacity to work. This, we think, was the real defensive issue raised by the evidence and by the general denial. Commercial Standard Ins. Co. v. Noack, supra. But the defendant (plaintiff in error) overlooks the fact that this issue was submitted by the court in the exact language of the requested issue, by the court's special issue No. 19. The requested issue having been given, of course, no error is shown. Southern Kansas Ry. Co. of Texas v. Wallace (Tex.Com.App.) 206 S.W. 505; Northern Texas Traction Co. v. Evans, 108 Tex. 356, 193 S.W. 1067; Indemnity Ins. Co. v. Boland (Tex.Civ.App.) 31 S.W.(2d) 518.

■ Plaintiff testified that he went to Dr. Parmley, not for treatment, but for an examination in order that the doctor might testify in the case. Dr. Parmley testified as to his opinion of the condition of plaintiff and the extent of his disability. He said that his opinion was based, among other things, on subjective symptoms, the history of the case, and complaint made to the doctor by the plaintiff. When it became known that said doctor's testimony was based, at least in part, upon the matters stated, defendant moved the court to withdraw the testimony based thereon from the jury. The action of the court in overruling this motion was error.

"* * * statements of subjective symptoms or past suffering made to a physician employed to make an examination for the purpose of testifying as a witness in the case, and not in course of treatment, are inadmissible * * *." 17 Tex.Jur. § 245, p. 588; Texas Employers' Ins. Ass'n v. Wallace (Tex.Civ.App.) 70 S.W.(2d) 832; Gaines v. Stewart (Tex.Civ.App.) 57 S.W.(2d) 207.

■ Other questions presented need not arise again, but in view of another trial we direct attention to the rule declaring that X-ray photographs of an injured person are not admissible "without proof that they are correct portrayals of the injuries." 17 Tex.Jur. § 317, p. 736; 22 C.J. § 118, p. 916.

For the errors discussed the judgment of the district court is reversed and remanded.

FUNDERBURK, Justice (dissenting in part).

Undoubtedly the decisions of this state support the proposition that if, in the trial of a civil case, evidence admissible in rebuttal of issues tendered by the plaintiff's pleadings and joined by defendant's general denial will support the finding of a fact constituting a complete defense to plaintiff's cause of action, it is the duty of the court, if the case be submitted upon special issues, to submit an issue calling for a finding of such fact; and to submit it so as to place the burden of proof upon the plaintiff. The parent case so holding is Colorado & S. Ry. Co. v. Rowe (Tex.Com.App.) 238 S.W. 908. For convenience the holding in that case, as developed and amplified in subsequent decisions, will be referred to as the doctrine or rule of the Rowe Case. If nothing was involved in the instant suit other than a question of the soundness or unsoundness of that rule, there would be no occasion for me to express a dissent. My individual views concerning said rule were parenthetically sketched in Liberty Mut. Ins. Co. v. Boggs (Tex.Civ.App.) 66 S.W.(2d) 787, 794, as follows: "The writer desires to say that he has long deplored the decision in the Rowe Case, and the subsequent cases following it, as being illogical,

unwarranted by the authorities cited in support thereof, and clearly wrong. The error therein has contributed enormously to the existing confusion in the law relative to special issues. They [those cases] confuse issues made by the pleadings and issues arising upon merely exidentiary facts. They make of a purely evidentiary fact, neither alleged nor denied by any pleading, an issue required to be submitted to the jury in the face of the statute which plainly requires that only issues made by the pleadings and the evidence shall be submitted. They deny, or else necessarily qualify, and thereby provide an exception to, the rule that mere evidentiary facts shall not be submitted as issues."

The entertainment of that view, however, is, of course, no warrant for an intermediate court in refusing to apply the rule in a proper case. But we have a case here to which, by reason of its peculiar aspects hereinafter to be noticed, the rule of the Rowe Case (giving it full recognition) cannot be applied without doing violence to other well recognized principles of law; and therefore, in my opinion, should be held not to apply. Since, however, the situation presents with peculiar forcefulness the essential unsoundness and mischievous consequences of said doctrine, I hope I may be pardoned for criticizing it, not upon the view that we are not bound by it, but as presenting reasons and argument why it should not be unnecessarily extended, and should be held inapplicable to the instant case.

Wright pleaded that he was totally and permanently disabled. In the alternative, only, he pleaded that his disability was less than total and permanent. Evidently he considered that without this alternative plea, if he failed to establish his issue of total disability he would be denied any compensation whatever even though the evidence should certainly show that he was partially disabled. See Baggett v. Texas Emp. Ins. Ass'n (Tex.Civ.App.) 70 S.W. (2d) 469, wherein the precaution of such alternative plea was omitted. Traders & General Insurance Company, which will hereinafter be referred to as "the insurer," pleaded only a general demurrer and general denial. It, therefore, denied that Wright was either totally or partially, permanently or temporarily, disabled as the result of the injuries alleged. The attitude of the parties was very different regarding the issue (or issues) of partial disability.

Wright was interested in the issue only as a basis for a judgment in his favor upon the contingency that he failed to establish his issue of total disability. The insurer was interested in the issue in two ways: (1) To disprove it in order to avoid liability in any amount; and (2) in the alternative, to prove it as a partial defense against plaintiff's claim of total disability. The peculiar situation is presented of all parties denying that Wright's disability, if any, was partial. Wright denied it, in effect, by his contention that the disability was total. He tendered the issue, as said before, only upon the theory that if his disability was not total, then it must be partial, and to utilize a finding of that issue as the basis for a judgment in his favor only upon such contingency. The attitude of the insurer was that Wright suffered no disability, either total or partial. Its attitude as to the issue of partial disability was one of negation in order to be relieved of any liability whatever; but as an alternative, that if there was any injury and consequent disability, then such injury was partial and not total; the theory being that partial disability is so wholly distinct from and inconsistent with total disability as that if its existence was shown it would establish, as a matter of law, that the disability, if any, was not total.

It is well to bear in mind at this point that one party is never under the duty (and therefore suffers no prejudice by failure to do so) to request the giving of, or to object to the failure of the court to give, any special issue, the burden of establishing which is upon the other party. See full collation of authorities in Miller v. Fenner, Beane & Ungerleider (Tex.Civ. App.) 89 S.W.(2d) 506. The issue of total disability was one which Wright had the burden of establishing. Upon his alternative claim, he likewise had the burden of establishing partial disability. The court submitted these issues; and, from the standpoint of the plaintiff, did not improperly condition the submission of the issue of partial disability upon the jury's failure to find that there was total disability; if in fact such was the condition upon which it was submitted. The insurer made no request for the giving of an issue of partial disability as defensive to Wright's claim of total disability. This, under the rule above stated, the insurer would have been required to do, upon penalty of a waiver thereof, if the court had not, or in fact

did not, attempt to submit such issue. The insurer conceived that the issue of partial incapacity conditionally submitted, was the defensive issue it was entitled to have submitted under the rule in the Rowe Case, and that the situation called, not for the request of an issue, but for objection to an issue given. It accordingly objected, not to the substance of the issue, but to the condition attached to its submission. It may be granted that if the same issue could serve the diverse purposes of both the parties and that it would work no prejudice to Wright to have it submitted unconditionally, the insurer would not be required to request the giving of the issue, but would be entitled to have the action of the court reviewed upon its objection that it was not submitted unconditionally.

Was the issue, conditionally submitted, a correct statement of the defensive issue which the insurer had the right to have submitted, unconditionally? The issue was stated thus: "Do you find from a preponderance of the evidence that the injuries, if any, sustained by plaintiff, on November 21, 1933, resulted in the partial incapacity of plaintiff, A. N. Wright, for any length of time?" The converse of Wright's tendered issue of total disability, which the insurer had the right to have submitted under the doctrine of the Rowe Case, would have been: "Do you find from a preponderance of the evidence that the injuries, if any, sustained by plaintiff on November 21, 1931, *did not* result in the partial incapacity of the plaintiff A. N. Wright for any length of time?" This is in accordance with the theory that unless the jury could find from a preponderance of the evidence that such injuries, if any, did not result in partial incapacity, then the jury could not, consistently, find by a preponderance of the evidence that such injuries, if any, did result in total incapacity. The burden of establishing, by a preponderance of the evidence, that something did happen, or a condition does exist, is not, at all, the same as establishing by a preponderance of the evidence that that same thing did not happen, or condition does not exist. Had the court submitted, unconditionally, the issue which he did submit conditionally, it would have been error from the standpoint of the insurer, since thereby the burden of proof would have been misplaced. Equally certain it is that had the issue been submitted, either conditionally or unconditionally, in the form the insurer was entitled to have

it submitted, it would have been erroneous from the standpoint of Wright; since, if answered either way, it could form no basis for a judgment in his favor.

With these things in mind, let us consider now the objection of the insurer to the conditional submission. It was as follows: "The defendant further objects and excepts to the submission of special issue No. 8 of the court's main charge in the form as submitted for the reason that it has attached thereto a preamble which permits the jury to answer issue No. 8 only in the event they have answered special *issue No. 4* in the *affirmative* and the submission of such special issue to the jury is not an unqualified and unconditional submission of such issue to the jury as the defendant is entitled to under the law." (Italics mine.)

In the first place, the issue had no preamble of the description thus objected to. It was not submitted upon the condition that the jury had answered special *issue No. 4* in the *affirmative* as the objection stated, but upon the condition that they had anwered special issue *No. 6* in the *negative.* Special issue No. 6 was: "Do you find from a preponderance of the evidence that such total disability, if any, is permanent?" It was not submitted conditionally. It is true, the court more reasonably intended to submit special issue No. 8 upon the contingency that the jury had answered special issue *No. 4* in the *negative;* but the objection did not inform the court that the condition was improperly stated. The objection was that the issue was submitted only upon the contingency that special issue *No. 4* was answered in the *affirmative* when actually it was submitted upon the contingency that *No. 6* was answered in the *negative.* Can this be considered the required specific objection designed to enable the trial judge in the confusion of a closing trial to have his attention specifically directed to the error claimed? From the judge's standpoint he had correctly submitted the issue of total disability. He had correctly submitted the issue of partial disability which Wright had the burden of establishing. He had evidently erred in referring to special issue No. 6 instead of special issue No. 4. He no doubt meant to say that in the event the jury had answered special issue *No. 4* in the *negative* they should answer special issue No. 8. Instead, he said, in the event they had answered special issue *No. 6* in the *negative* they should do so. Without this error specified,

the point of the objection was largely lost. If it was true, as the objection asserted, that the condition upon which special issue No. 8 was being submitted was that the jury answer it only in case they answered special issue No. 4 in the affirmative, then the jury was required to answer special issue No. 8 because they did answer special issue No. 4 in the affirmative. The condition was wholly immaterial, since if the jury answered special issue No. 4 in the negative, that would have the same effect, so far as the insurer was concerned, as if they answered the issue of partial disability in its favor. If they answered special issue No. 4 in the affirmative, then the jury was directed to answer special issue No. 8. The objection, therefore, meant nothing unless it meant the exact opposite of what was said. If the court was in error, the real error was in its failure to see that the objection did not mean what it said; that what was meant to be said, but not said, was a valid criticism of the manner of submitting the issue. That phase of the objection that "it was not an unqualified and unconditional submission of such issue to the jury as the defendant is entitled to under the law" must be considered in connection with the rest of the objection and certainly did not point out to the trial judge wherein it so failed. It was not objected that the issue called for a finding of the fact inquired about by a preponderance of the evidence; whereas, under the law, the insurer was entitled to a finding of the nonexistence of the fact by a preponderance of the evidence. The objection carried no notice to the court that the insurer was offering to waive its right to a correct submission of the issue with reference to the burden of proof. Certainly it was no error for the court to fail to submit an incorrectly stated issue, at least without an offer by the party in interest, to waive such incorrectness. Here the issue, as said before, was correctly stated from the standpoint of the other party. In my opinion, if a trial court can be held to be in error with no more enlightenment, upon a situation thus complicated, than was afforded by the character of objection that was made, then our procedure has become largely abortive of its true purpose to promote the orderly functioning of the courts.

It is, therefore, my conclusion that the circumstances of this case were such that the objection to the action of the court in attaching the condition to the submission of the issue was not sufficient specifically to direct the trial judge's attention to the right of the insurer, under the doctrine of the Rowe Case, to have the issue of partial disability submitted as a defensive issue, and that, in order to have one issue serve the diverse purposes of both parties, the insurer was proposing to waive its incorrectness with reference to placing the burden of proof.

What follows is intended as but additional reasons why the doctrine of the Rowe Case should not be unnecessarily extended and should not be extended to invalidate a trial and judgment under such circumstances as were presented to the judge in this case.

The decision in the Rowe Case was based upon the decision in Galveston, H. & S. A. Ry. Co. v. Washington, 94 Tex. 510, 63 S. W. 534. The Washington Case was one submitted to the jury upon a general charge; while the Rowe Case was one submitted upon special issues. The fundamental error, as I conceive it, was in failing to distinguish between a *charge* and an *issue*, or a *general charge* and *the issues*. At the time the Washington Case was decided, no proposition of law was better settled than that, in a case submitted to a jury upon a general charge, the defendant was entitled to an affirmative charge upon the law relating to the negative of those issues, the burden of establishing which was upon the plaintiff. Missouri, K. & T. Ry. Co. v. McGlamory, 89 Tex. 635, 35 S.W. 1058; Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Tex. 152, 30 S.W. 902, 28 L.R.A. 538; St. L., etc., Ry. Co. v. Casseday, 92 Tex. 525, 50 S.W. 125; Western Union Tel. Co. v. Andrews, 78 Tex. 305, 14 S.W. 641; Gulf, C. & S. F. Ry. Co. v. Mangham, 95 Tex. 413, 67 S.W. 765. This resulted from the duty of the court to instruct the jury as to the law arising upon the facts. Gulf, C. & S. F. Ry. Co. v. Mangham, supra. That same duty of the court and its inapplicability to a case submitted upon special issues was recognized by this court in Wichita Valley Ry. Co. v. Williams, 6 S. W.(2d) 439, 441 (writ ref.) wherein Judge Hickman said: "When a case is submitted to a jury on a general charge, it is the duty of the court, when requested, to submit an issue both affirmatively and negatively." In support of that proposition was cited Northern Texas Traction Co. v. Moberly (Tex.Civ.App.) 109 S.W. 483; Gammage v. Gamer Co. (Tex.Com.App.) 213 S.W. 930; Texas Trunk Ry. Co. v.

762

Ayres, 83 Tex. 268, 18 S.W. 684; Baker v. Williams (Tex.Civ.App.) 198 S.W. 808. To the same effect there could have been further cited: Northern Texas Traction Co. v. Evans, 108 Tex. 356, 193 S.W. 1067; St. L. S. W. Ry. Co. v. Johnson, 100 Tex. 237, 97 S.W. 1039; San Antonio & A. P. Ry. Co. v. Kiersey, 98 Tex. 590, 596, 86 S.W. 744; Southern Kan. Ry. Co. v. Wallace (Tex.Com.App.) 206 S.W. 505. The last two cases cited the Washington Case, supra, as authority. It was our conclusion expressed in said Wichita Valley Ry. Co. opinion that in a case submitted on special issues it was never the duty of the court to submit the same special issue both affirmatively and negatively. That holding has been followed a number of times. Hoover v. Hamilton (Tex.Civ.App.) 14 S. W.(2d) 935; Texas Emp. Ins. Ass'n v. Horn (Tex.Civ.App.) 75 S.W.(2d) 301; Texas Ind. Ins. Co. v. Perdue (Tex.Civ. App.) 64 S.W.(2d) 386; Texas Emp. Ins. Ass'n v. White (Tex.Civ.App.) 32 S.W. (2d) 955; Tilley v. Kangerga (Tex.Civ. App.) 83 S.W.(2d) 787; Williams v. Rodocker (Tex.Civ.App.) 84 S.W.(2d) 556; American Emp. Ins. Ass'n v. Singleton (Tex.Civ.App.) 14 S.W.(2d) 939. The writer is still of the opinion that our decision in the Wichita Valley Case was correct, but cannot escape the further conclusion that, in principle, it is in conflict with the doctrine of the Rowe Case. In other words, if the doctrine of the Rowe Case is correct, then we were in error in declaring that it was not the duty of the court to submit the same issue both affirmatively and negatively. That is well illustrated in this case. What purpose would the finding in favor of the insurer of a correctly stated issue of partial disability have served? Precisely the same as a favorable finding upon a negatively stated issue of total disability. By the issue of partial disability was sought, from the standpoint of the insurer only, a finding from which the legal conclusion would follow that Wright had not been totally disabled. If, therefore, under the circumstances the insurer was entitled to have an issue submitted, it was at most the legal equivalent of a negative submission of the issue of total disability.

I shall not extend this opinion in an effort to show that the Washington Case, correctly interpreted in the light of previous and immediately subsequent decisions of the Supreme Court, did not justify the decision in the Rowe Case. As said be-

fore, I think it only meant to declare the pre-existing rule that the defendant in rebuttal of the issues tendered by the plaintiff was entitled to have a special charge given presenting affirmatively his defenses which latter, however, were but the negative of the issues which the other party had the burden of establishing. There was involved, not the submission of two issues of fact, but instructions as to the law arising upon the same issue, from the standpoint of the several parties. If such is not the correct interpretation of said decision, then it was wrong and in effect so declared in unmistakable language in subsequent decisions of the Supreme Court. The Supreme Court in Boswell v. Pannell, 107 Tex. 433, 180 S. W. 593, 596, in my opinion declared the true rule. To cancel a deed to Barrow, plaintiff Pannell, by allegations of his petition, tendered, as an essential issue, that Barrow had notice of a certain agreement between Pannell and Boatwright, which, if true, would prevent Barrow from being an innocent purchaser. Barrow joined this issue by general denial; and, by special plea, averred that he had no such notice. The issues were submitted to the jury by a general charge. The jury was instructed to find for Pannell if they, by a *"preponderance of the evidence,"* found that Barrow had *notice* of the said agreement, but to find for Barrow if they found from a *"preponderance of the evidence"* that he was without notice of said agreement. (Italics ours.) The Supreme Court had for decision the question of whether such charge misplaced the burden of proof by thus placing it upon Barrow. It was held that such would have been its effect if only the issue tendered by Pannell's petition and joined by Barrow's general denial was involved, but that the charge was correct because it was responsive to Barrow's specially pleaded defense that he had no notice of said agreement. The court said:

"The charge, as stated, would be erroneous if, in fact, it placed the burden, as the plaintiff in error contends, upon him to disprove the facts which it was necessary for the plaintiff to prove to establish his case. But it would not be erroneous if applied only to the defense pleaded by Barrow, and upon which he relied to defeat the case alleged by the plaintiff, and this, we think, was the effect of such charge. The portion of the charge complained of submits more, far more, than the mere negative of the plaintiff's alleged cause of action. It submits the defense of the plain-

tiff in error Barrow *as pleaded by him.* Barrow's answer consists of several special exceptions, a general denial, and two special answers, which affirmatively alleged that he had no knowledge of the acts of fraud alleged by Pannell, and with much emphasis, even to the extent of repetition, he alleged also that he was an innocent purchaser *without notice,* and in good faith, for value, of the Milam county tract of land from Boatwright. The court's charge has direct application to this *special defense,* and, as applied thereto, is a correct charge; Barrow voluntarily made and relied upon this defense, and assumed the burden to prove it by a *preponderance of the evidence.* He need not have done so; he could have relied entirely on the failure of the plaintiff, Pannell, to prove his case, standing upon his bare denial of the plaintiff's allegations of fraud and *notice of fraud,* and confined his defense to *evidence rebutting the plaintiff's case.* But Barrow did not see proper to go to trial upon pleadings which did not require the court to charge any defense to the jury, except the defense that, *if the plaintiff, Pannell, had failed to establish his case by a preponderance of evidence, to return a verdict for him.* He pleaded enough that the court would be called upon to go further and charge the jury that, if Barrow purchased the land *without any notice* of the alleged fraud, and for a valuable consideration, they should return a verdict in his favor. It may have been considered, and doubtless is true, that the defendant Barrow had a better chance before the jury with such a charge given, distinctly instructing them that, if Barrow was an innocent purchaser for a valuable consideration, he ought not to lose the land. Be this as it may, Barrow did present this special answer to which that portion of the charge of the court complained of had direct application. He set forth affirmatively this defense. * * * In charging it as a defense the court required Barrow to establish it as a defense by a *preponderance of the evidence.* Certainly no complaint can justly be made of the trial court for charging the defendant's defense, and undoubtedly, when charging it, the duty arose to *place the burden of proof as to such a defense upon the defendant* who had *pleaded it.* If this is a greater burden than should have rested upon the defendant Barrow, the reply is that it is the burden which the defendant voluntarily assumed when he refused to rest on the inability of the plaintiff, Pannell, to establish his case, *or upon his own ability to defeat it by rebuttal evidence."* (Italics ours.)

In this case the Supreme Court was discussing issues of fact in the sense that they must be alleged in the pleadings. In the Washington Case the court was discussing charges of the court as relating to issues made by the evidence. Was it intended to declare anything in Pannell v. Boswell contrary to what had been said in the Washington Case? I think not. That, it seems to me, is shown, or at least persuasively indicated, by the statement to the effect that if Barrow had not seen proper to plead specially his defense and thereby assumed the burden of proving it, his right to a charge would have been limited to one instructing the jury that if Pannell "failed to establish his case by a preponderance of evidence, to return a verdict for him." This recognized the right to a special charge from the standpoint of the defendant relating to an issue which plaintiff sought to establish. But, however this may be, the Pannell Case was decided after the Washington Case, and more certainly dealt with the very principles we are considering. That the subject-matter of submitted issues must be pleaded was unmistakably declared by the same learned judge, in Bank of Garvin v. Freeman, 107 Tex. '523, 181 S.W. 187, 188, as follows: "We must withhold our approval of a judgment which gives effect to a defense which was not pleaded * * * We should not defeat a recovery by the plaintiff upon a defense not pleaded *by the defendant.* It is not permissible, during the trial of a case, for the court to submit to the jury a defense which was not pleaded *by the defendant."* (Italics ours.) International & G. N. Ry. Co. v. Harris, 95 Tex. 346, 67 S.W. 315, was cited. In that case the query was propounded: "Was the issue of assumed risk made by the pleadings?" Plaintiff had alleged that he did not know of a certain defect constituting the basis of his claim of negligence. The court held that that allegation was not "necessary to a recovery and therefore did not present an issue which could be met under the general denial." To present the issue it was held necessary for the defendant to allege notice as a part of his plea of assumed risk.

It is a self-evident proposition that a general denial cannot tender an issue. If it can ever be said that a general denial raised an issue, it is true only in the sense that it joins an issue tendered by an adversary party. "An issue arises on the pleading when

a fact or conclusion of law is maintained by the pleadings of one party and is controverted by the pleadings of the other party." 49 C.J. § 1144, p. 780. "The pleadings, *and not the evidence,* must be looked to in determining the issues made." (Italics ours.) 33 C.J. 827, § 20; James v. James, 81 Tex. 373, 16 S.W. 1087; Provident Nat. Bank v. Webb, 60 Tex.Civ.App. 321, 128 S.W. 426; Raymond v. Merchants' State Bank & Trust Co. (Tex.Civ.App.) 270 S. W. 943; Freeman v. McAninch, 87 Tex. 132, 27 S.W. 97, 47 Am.St.Rep. 79. "A general denial, however, puts in issue only facts which the adverse party is bound to prove in order to maintain his claim of defense." 49 C.J. 784, § 1154; W. R. Case, etc., Co. v. Canode (Tex.Civ.App.) 205 S. W. 350. Or, as otherwise stated by the same eminent authority, "But general denials go merely to the precise facts *alleged by the opposite party."* (Italics ours.) 49 C.J. 800, § 1182. The corollary of these principles is further stated thus: "No issue of fact arises upon allegations which are not denied or deemed controverted by the adverse party. Nor is an issue joined by a denial of any matter by one party *unless the same matter has been alleged by the other party."* 49 C.J. 783, § 1150. (Italics ours.)

In the sense that facts are required to be pleaded as the basis for the introduction of evidence and to give notice of the respective claims of the parties, a general denial is not even a pleading. It is obviously not included in the statutory definition of a pleading in a civil suit in district and county courts, namely: "A statement in logical and legal form of the facts constituting the plaintiff's cause of action or the defendant's ground of defense." R.S. 1925, art. 1997. *A general denial states no fact.* Its sole function is to impose the burden upon the other party to prove the facts he has alleged, and without which they would require no proof. It seems incomprehensible that there could be any difference of opinion upon a proposition so self-evident.

The patent error, as I see it, in the doctrine of the Rowe Case, is the holding that an issue is raised, *in the sense of an issue tendered,* by a general denial. In an ordinary negligence case, plaintiff, in averring that a negligent act or omission is the proximate cause of an injury, is not required further to allege that said injury was not caused by an unavoidable accident, or by a new and independent cause, or by his own acts of negligence, etc. How then can it be said—such unnecessary allegations being properly omitted—that a general denial, as a matter of pleading, raises such issues? When a plaintiff by his pleadings tenders an issue that a certain person was an agent of the defendant, he does not have to allege that such person was not an independent contractor, and even if he does so allege, he does not have to prove it; since a general denial does not put in issue unnecessary allegations. International & G. N. Ry. Co. v. Harris, supra. Then how, with any reason, can it be said that even though he does not allege it, the mere general denial puts such issue in the case as an issue made by the pleadings? To so hold is to deny the elementary propositions above quoted to the general tenor that the effect of a general denial is only to put an adversary upon proof of the necessary facts alleged by him. When the plaintiff's pleading tenders an issue that alleged negligence was the proximate cause of an injury, or that a certain person was an agent, or that a disability was total, if the pleading is wholly silent regarding unavoidable accident, new and intervening cause, independent contractor, or partial disability, etc., how can it be said with any degree of plausibility that the general denial raises such issues as a matter of pleading? Those issues may not be in the case even as a matter of evidence. They may be, or they may not be. Issues made by the pleadings and issues made by the evidence are something quite different. When there is no evidence offered to sustain an issue joined by the pleadings, there is no issue made by the evidence; but it does not follow that there is no issue made by the pleadings. *It is only issues made by both the pleadings and evidence which the law requires shall be submitted as special issues to a jury.* R.S.1925, art. 2190, as amended by Acts 1931, c. 78, § 1 (Vernon's Ann.Civ.St. art. 2190). Manifestly, it cannot be known whether issues such as those above mentioned, under the circumstances stated, are in a case or not until the evidence is in. That fact proves conclusively that such issues are only made by the evidence and not by the pleadings. *Issues made by the pleadings are always determinable before any evidence is offered.*

Under the doctrine of the Rowe Case there would never be any logical necessity for a defendant specially to plead contributory negligence, and many other matters which the law from time out of mind has

been understood to require shall be specially pleaded. Certainly the plaintiff has the burden, in any negligence case, of tendering as an issue—and of proving it—that defendant's negligence was the proximate cause of the injury. Defendant in rebuttal of the evidence offered by the plaintiff to establish such issue may show that anything else was the cause of the injuries. Will it be contended that he cannot show that plaintiff's own negligence was the direct and immediate cause? If any distinction is to be made, by what principle is it governed? Surely no statutory provision requires such a distinction. Take a case where plaintiff sues one by name without any reference to marital status, to recover upon a promissory note. The defendant is a married woman, or, let us rather say, there is ground for a sharply contested issue of fact whether she is a married woman or not. Upon the coming in of evidence to raise the issue of fact, would not the defendant under the doctrine of the Rowe Case be entitled to have submitted the issue of coverture, regardless of whether there was a plea of coverture? If not, by what principle would it be denied? Is it not the law that the defense of coverture must be pleaded? Suppose upon the levying of an execution upon certain property the owner brings suit tendering an issue that the property is homestead and exempt from execution, such issue being joined only by a general denial. Suppose then that the evidence develops that the plaintiff is living upon other property under circumstances clearly raising an issue, in the evidence, whether such other property is his homestead. Under the doctrine of the Rowe Case, would not the defendant be entitled to inquire, by special issue, whether the plaintiff had subsequently acquired a homestead in such other property, thereby in law disproving the issue tendered by plaintiff's petition since one cannot at the same time have two different homesteads? If I understand the rule, there could be no question about it. But I certainly cannot understand how, prior to the announcement of ready for trial, the plaintiff or the court had any notice by the *pleadings* that such an issue was in the case.

The doctrine of the Rowe Case was first applied to the defense of unavoidable accident, and was for a long time confined to it, but the logic of it made it applicable to any group of evidentiary facts admissible in rebuttal of any issue tendered by a plaintiff and conclusive of such issue. Nei-

ther the plaintiff nor the court is put on notice of such defensive issues until the evidence comes in. It is easy for the court under such circumstances to overlook the bearing of particular testimony. Then, when an issue, of which no pleading gives any notice, is requested, the court must give it with the effect of doing possible injustice to the plaintiff, and committing an error thereby, or of refusing it at the peril of being confronted with obscure testimony which undeniably tended to prove some evidentiary fact, which, if found, would constitute a complete defense, a disproval as a matter of law, of an essential issue tendered by the plaintiff. The instant case is a good example of the practical impossibility of avoiding errors under such a practice which would be easily obviated if all issues were required to be pleaded. The pleadings gave no notice that the insurer would contend upon the trial that Wright suffered a partial disability, and therefore, as a matter of law, could not have suffered a total disability. The only notice the pleadings gave of that matter was that defendant denied there was a partial disability, the same as he denied that there was a total disability. Plaintiff, while contending primarily that he suffered a total disability, pleaded only in the alternative that he suffered a less disability, which we have taken to include a partial disability. The issues were submitted properly with reference to every issue tendered by the pleadings. Ordinarily, under the doctrine of the Rowe Case, the insurer would have had to request the giving of the issue of partial incapacity; but here since some such issue was being given, even though upon an entirely different theory, in lieu of a request, objection was made, not to the submission of the issue, but to submitting it upon the stated condition. The objection having all the faults hereinbefore pointed out, certainly, I think, did not bring to the attention of the court the peculiar circumstances which required its submission under the doctrine of the Rowe Case.

I have spoken of "unavoidable accident," "new and independent cause," "independent contractor," etc., in the above discussion as "evidentiary facts." They are that and nothing more with reference to the broader issues tendered by plaintiff's pleading and joined by defendant's general denial. But, if they be specially pleaded by the defendant, they are then tendered as de-

fensive issues and are true issues joined in fact by a general denial in plaintiff's supplemental petition or in law by force of a statute. R.S.1925, art. 2005.

I shall not dwell at much greater length upon the anomalies presented by the doctrine of the Rowe Case. One that alone should be sufficient, in my opinion, to condemn it, is that issues of the kind in question being issues which the defendant is interested in establishing in the sense that if the court omits to submit them they will be waived, unless requested by the defendant; yet, the burden is placed upon the plaintiff to disprove them by a preponderance of the evidence. Logically under the rule it is not enough that plaintiff prove the facts alleged as constituting his cause of action, but he must go further and prove the nonexistence of any facts admissible under the general denial which could defeat his cause of action. Quite illogically, however, unless some evidence of facts of the character mentioned is introduced by the defendant (plaintiff having no motive to do so), no such burden is upon the plaintiff. For example, if a plaintiff tenders an issue of the agency of A and supports it by sufficient evidence to create a presumption of agency and there be no affirmative evidence to show that A is an independent contractor—although he may be such—plaintiff is not required to go further and produce affirmative evidence to show that A is not an independent contractor; yet why not, if in fact the pleadings have joined an issue which places upon plaintiff the burden of establishing that A was not an independent contractor? Although plaintiff may by his evidence have made a prima facie case of A's agency if there be a total absence of evidence to show that A is not an independent contractor, why cannot the defendant have a peremptory instruction in his favor upon the issue, if really the burden of proof to show that he was not an independent contractor is upon the plaintiff?

Much more could be said to show what the law books fully attest—that this anomalous doctrine of the Rowe Case which has crept into our jurisprudence is working progressively to defeat the ends of justice and bring into disrepute the labors of the courts. In my opinion it is of such great importance that if the courts will not correct it, the Legislature should do so.

Upon the other ground of reversal, I concur in the opinion of the majority.

On Motion for Rehearing.

GRISSOM, Justice.

In the majority opinion the following language was used: "When it became known that said doctor's testimony was based, at least in part, upon the matters stated, defendant moved the court to withdraw the testimony based thereon from the jury." That statement is withdrawn. That Dr. Parmley's opinion was based in part on hearsay was disclosed on his cross-examination by appellant's counsel. No motion to strike such testimony was then made. Thereafter the redirect examination of said witness and the examination of three other witnesses, Fisher, Wright, and Allredge, occurred, and the plaintiff announced that he rested his case before appellant moved to strike the testimony of Dr. Parmley as to such opinion. Under this situation the court was correct in overruling the motion to strike. "Inexcusable delay in moving to strike out objectionable evidence is ground for denying the motion. Ordinarily a motion to strike out objectionable testimony must be made at the time the testimony is given, if the objection to the testimony is then apparent. If the objection is not then apparent it should be made immediately on the impropriety of the testimony becoming apparent, as where the direct examination does not show the incompetency of the testimony, or the ground for the exclusion of the evidence appears for the first time on cross-examination. It has been held that the court may properly overrule the motion if not made until after the witness has fully concluded his testimony, or has been excused from the stand, or discharged from attendance on the trial; after cross-examination of the witness; after other witnesses have been examined; at the close of the party's case * * *." 64 C.J. p. 215, § 224; LaFeria Water Imp. Dist. v. Simpson (Tex.Civ.App.) 290 S.W. 832; Missouri Pac. Ry. Co. v. Mitchell, 75 Tex. 77, 12 S.W. 810, 811. (On this point all members of the court are in accord.)

In the case of Texas Emp. Ins. Ass'n v. McNorton (Tex.Civ.App.) 92 S.W.(2d) 562, cited by appellee on motion for rehearing as sustaining his contention that we were in error in holding that the conditional submission of the issue of partial incapacity was error, a writ of error has been granted because it is in conflict with the

authorities relied upon and cited in the majority opinion.

The original opinion is corrected as above, and the motion for rehearing is otherwise overruled.