IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00209-CV

 

Jane Gilmore, Clayton Ray Pickens,

Chad Daniel Pickens, and Ernest 

Ray Pickens, Parent and Next 

Friend of R.N.P., a Child,

                                                                                    Appellants

 v.

 

SCI Texas Funeral Services, Inc., D/B/A
Connally/Compton Funeral Directors, 

Inc., and A&W Industries, Inc. D/B/A 

Wilbert Vault Co. of North Texas,

                                                                                    Appellees

 

 



From the 19th District Court

McLennan County, Texas

Trial Court No. 2004-308-1

 



dissenting AND CONCURRING Opinion










 

            This is clearly one of those cases where
it would be easier to check off as agreeing and hope that the consequences of
the majority opinion will not be as great as I fear.  I could conceivably rest
my hope on the fact that this is a case involving a funeral service and may be
largely ignored in any other context.  But as “hope, while important, is not a
strategy” (attributed to Gen. Tommy Franks, retired, United States Army; former
Commander In Chief, United States Central Command), neither is hope a reason to
allow bad precedent to be made without objection or dissent.

            There are so many individual
statements and holdings in the opinion with which I disagree that in the time I
have available I could not address them all.  But my problem in this regard is
somewhat simplified because of the jury’s answers and the overriding issue of
whether the plaintiffs proved they were entitled to mental anguish damages.  If
the plaintiffs failed to prove mental anguish damages, all the remainder is
meaningless dicta and should not be discussed at all.  So I will discuss only
why the majority opinion is wrong on the issue of mental anguish and only when
the other holdings become relevant in some future case will I then address the
errors in those holdings.

Mental Anguish Damages

            What happened at the graveside
ceremony of Pam Pickens is not something that anyone would want repeated.  The
legal problem, as I see it and as argued to the jury, was how much, if any, of
the mental anguish described in the testimony was proven by a preponderance of
the evidence to have been caused by the failure of the casket lowering device
rather than the natural and normal mental anguish caused to a mother by the
sudden and unexpected death of a daughter with three young children of her own.

            The jury, twelve good men and women of
McLennan County duly selected and empanelled, were assigned the responsibility
to decide, and in effect separate, the mental anguish proven as a result of the
casket lowering device failure and that attributable to Pam’s death.  We do not
know what part of the verdict two of the jurors did not agree with, but at
least ten jurors agreed that the plaintiffs had not proven by a preponderance
of the evidence that any legally compensable mental anguish, as defined in the
charge, had been suffered by any of the plaintiffs.

            Upon a proper motion, the duly elected
trial court judge, after himself having sat through the trial, hearing all of
the evidence, observing all of the testimony of all of the witnesses, and after
careful review and due deliberation of the motion, refused to order a new trial
on this theory.  I agree with the ten jurors and the trial court.

            While the majority opinion drops a
footnote that the defendants must take the plaintiffs as they find them, ___
S.W.3d ___, ___ fn 5, I believe they have inverted, possibly inadvertently, the
impact of this relatively simple concept.  While the plaintiffs’ sensibilities
may be heightened due to the circumstances in which the regrettable event
occurred, the defendants are not legally responsible for the mental anguish
which was caused by the unexpected and untimely death of Pam.  It was the
plaintiffs’ burden to prove to the jury by a preponderance of the evidence the
mental anguish, if any, proximately caused by the failure of the casket
lowering device.  The plaintiffs failed to prove such mental anguish to the
jury’s satisfaction.

            To charge the defendants with all the
mental anguish in reliance on the concept that you take the plaintiffs as you
find them is error.  Under their theory, a plaintiff who was already suffering
from one ailment before an event could recover from a defendant responsible for
the event, damages that were being suffered separate and apart from an incident
that merely increased those damages.  This is not the law.

            If a person with only one leg has
suffered loss of earning capacity, a defendant liable for the loss of the other
leg does not pay for the loss of earning capacity for both legs, only the
increased loss of earning capacity caused by the loss of the second leg.  And a
person who already has a disfigurement from a facial scar is not compensated
for that original disfigurement if other or additional disfigurement is caused
to that person.

            The rule that you take a plaintiff as
you find him is properly applied when the plaintiff’s previously existing
condition causes the additional injury to be more than it would have been if
the plaintiff did not already have the preexisting condition.  For example, if
an elderly person is negligently knocked to the ground and due to brittle bones
caused by osteoporosis breaks a hip bone, the negligent person is liable for
the broken hip bone even if the bone of a normal healthy person would not have
broken in such a fall, but is not liable for the osteoporosis.  See Driess
v. Friederick, 11 S.W. 493 (Tex. 1889).  The plaintiff still must prove to
the satisfaction of the jury that the bone broke as a result of the fall which
was caused by the negligence of the defendant.

Conclusion

            It seems pretty clear that the jury
was not convinced that the mental anguish, if any, being suffered by the
plaintiffs was attributable to the event at the funeral rather than Pam’s death
so they answered “none” to the mental anguish damages question as to each
plaintiff.  Accordingly, because the trial court did not err in refusing to
grant a new trial for factually insufficient evidence on the issue of mental
anguish, I would overrule this issue.  And, therefore, because the plaintiffs’
have not proven any compensable damages, there would be no need to address any
of the other issues raised by any of the parties in this appeal.  Accordingly,
I would affirm the judgment of the trial court in its entirety.  Because the
majority reverses the trial court in part, I dissent.  To the extent the trial
court’s judgment is affirmed, I concur.[1]

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Dissenting
and concurring opinion delivered and filed August 15, 2007









[1]
 As previously indicated, there are many
other statements in the remainder of the majority opinion that are wrong but
would be unnecessary for me to review due to the disposition of this single
issue.  Accordingly, I will not exhaust further resources addressing those
errant holdings.